# Sheppard v. Gill's Administrator.

*Final Settlement of Administrator's Account.*

1. *Grant of administration in* 1866, *to county administrator appointed in* 1862. — A grant of letters of administration on a particular estate in 1866, to a general county administrator, who was acting in that capacity under a grant of letters by the Probate Court in 1862, is valid until revoked, and the invalidity of the former grant is no defence to a citation to make settlement of the latter.

2. *Liability of administrator for uncollected notes.* — To charge an administrator with the amount due on a promissory note, which was received by him from his predecessor in the administration, the *onus* of showing that it might have been collected by the exercise of due diligence is on the party seeking to charge him.

APPEAL from the Probate Court of Dallas.

In the matter of the estate of J. Bruce Gill, deceased, on final settlement of the accounts of Sampson R. Sheppard, as administrator *de bonis non.*

[Grace v. McKissack.]

JOHN WHITE, for appellant.

JOHNSTON & NELSON, *contra*.

B. F. SAFFOLD, J. — The appellant was appointed general administrator of Dallas County, in 1862, by the Probate Court under the Confederate domination. In 1866, the present Probate Court, recognizing him as the general administrator, committed to him the administration of the estate of J. B. Gill. Letters of administration for that estate were specially issued to him, but no new bond was required. Afterwards he was removed for failing tos ettle his accounts, and the appellee was appointed in his place. He was cited to a settlement, and disregarded the citation. An account was stated against him, and on the final hearing of it he appeared and contested it on several grounds. He objected, in the first place, that the court had no jurisdiction to call him to account, because of his Confederate appointment. The record shows that letters of administration on this particular estate were formally issued to him by the present court, in 1866. Section 2014 of the Revised Code makes the letters conclusive evidence of the authority of the person to whom they are granted, from the date thereof, until they are revoked. The court committed no error on this point.

2. The note of W. G. Gill was erroneously charged against him. It was turned over to him by his predecessor, and no proof was made of its being collectible. The burden of proof, in such case, that it might have been collected by the exercise of proper diligence, is upon the party seeking to charge the administrator therewith. *Ivey* v. *Coleman*, 42 Ala. 409; *Wilkinson* v. *Hunter*, 37 Ala. 268; *Dean* v. *Rathbone's Administrator*, 15 Ala. 328; R. C. § 2160.

We find no other error.

The judgment is reversed, and the cause remanded.