Eiceman *v.* The State, *ex rel.* Leonard *et al.*

No. 8159.

EICEMAN *v.* THE STATE, EX REL. LEONARD ET AL.

GUARDIAN AND WARD.—*Failure of Guardian to Render Account.*—The language of section 9, 2 R. S. 1876, p. 589, which makes it the duty of a guardian to render an account at least once in every two years, under a penalty of ten per cent. damages, is too clear to require, or admit of, construction. The duty imposed is reasonable, and, if neglected, the burden imposed by the statute should be borne without complaint.

SAME.—*Insufficient Answer to Complaint Assigning Failure to Report.*—*Bond.*—*Demand.*—An answer by a guardian to a complaint of his ward, upon his bond, which avers that he was removed from his trust, re-appointed thereto, and again removed; that he has always made reports as required by law, unless prevented by sickness or unavoidable absence; that he was ignorant of the transfer of guardian business to the circuit court, and thereby was once in default; that no injury resulted therefrom to his ward; that she was indebted to him for board; that she commenced her action just one hour after her marriage to her co-plaintiff, and before he could satisfy himself that he could safely turn over her estate to her, and that he has been willing and in a condition at all times since his removal to pay it over to her upon demand, but no demand has been made, is insufficient as a plea in abatement, while admitting the failure to report from May 8th, 1871, until August 5th, 1873, assigned as a breach of the bond.

PLEADING.—*Answer.*—*Another Suit Pending.*—*Necessary Allegation.*—An answer alleging that there is another suit pending for the cause of action declared upon, but not alleging when it was commenced, is bad on demurrer.

From the Spencer Circuit Court.

*G. L. Reinhard* and *C. H. Mason*, for appellant.

*C. L. Wedding*, for appellees.

MORRIS, C.—This suit is upon a guardian's bond. The complaint states that in May, 1870, the appellant was appointed guardian of the person and estate of Anna J. Staats, who, on the 26th of July, 1875, married the appellee John Leonard; that Eiceman, as such guardian, executed to the State his bond, with John C. French and John A. Wilburn, his sureties, in the sum of $4,000, conditioned that Eiceman should faithfully discharge his duties as such guardian. Five breaches of the bond are assigned in the complaint.

Eiceman *v*. The State, *ex rel.* Leonard *et al.*

The appellant demurred separately to each breach assigned in the complaint. The demurrer was overruled. He then answered the complaint in five paragraphs.. The appellee demurred to the first, third, fourth and fifth, separately. The demurrer was sustained to the first and fifth paragraphs, and overruled as to the third and fourth. The appellees then replied to the third and fourth paragraphs of the answer.

The rulings of the court upon the demurrers, to which exceptions were properly taken, are assigned as errors.

The appellant submits no argument, nor does he cite any authorities, in support of the demurrer to the first, third, fourth and fifth breaches assigned in the complaint. The objections to these breaches will therefore be considered as waived. It is alleged in the second breach, that on or about the 8th day of May, 1871, the appellant, as such guardian, rendered his account to the Court of Common Pleas of Spencer county, showing that he then had in his hands,. as such guardian, $1,462.22 in property. It is also stated that he had in his hands, on the 8th day of May, 1873, personal property belonging to the said Anna J., worth $2,000, and real estate worth $3,000, making in real and personal assets $5,000; that said guardian failed and neglected to render to the proper court an account of his receipts and expenditures as such guardian, for a period of more than two years, to wit, from the 8th day of May, 1871, until the 5th day of August, 1873; that thereby the said guardian became indebted to the said Anna J., and that, in consequence thereof, she had sustained damages in the sum of $500.

The statute upon this subject provides as follows: "It shall be the duty of every guardian of any minor: * * * To render on oath to the proper court an account of his receipts and expenditures as such guardian, verified by vouchers or proof at least once in every two years; and failing so to do, [he shall] receive no allowance for services, and be liable to his said ward on his bond for ten per cent. in dam-

ages on the whole amount of the estate, both real and personal, in his hands belonging to such ward." 2 R. S. 1876, pp. 589, 590, sec. 9.

It is insisted by the appellant, that the above section should be construed to mean that a guardian failing to account, as required, shall be liable for any damages the ward's estate may suffer in consequence of such failure, not exceeding ten per cent. ; that the breach is therefore bad, because it does not state facts showing that any actual damages had resulted to the estate of the ward from the failure of the appellant to render his account as required.

We can not adopt this view of the statute. Its language is too clear to require or admit of construction. Its obvious purpose is to require guardians having charge of the estates of minors to furnish, in permanent and reliable form, from time to time, statements of the condition of estates intrusted to their management, for the information of the proper court and the protection of wards. The duty imposed is reasonable, one which the guardian should willingly and faithfully discharge, and which he can not fail to perform except through censurable indifference to the interests of those whose estates he has undertaken to manage and preserve. If he neglects this duty, voluntarily assumed, he should bear, without complaint, the burden imposed by the statute. *Richardson* v. *The State, ex rel. Crow*, 55 Ind. 381.

The court did not err in overruling the demurrer to the second breach of the complaint.

The first paragraph of the answer is called by the appellant a plea in abatement, and is duly verified. It states that in 1873, Eiceman was removed from his guardianship, but that he was soon thereafter re-appointed; that he continued to act as such guardian until the November term, 1874, of said court, when he was again removed for failing to give a new bond, as required by the court. He states in a general way, that, up to the time of his second removal, he had

discharged his duties as guardian of the said Anna J. ; that he had not wasted nor cut down the timber growing on her real estate ; that he had not converted her estate to his own use, nor made up any false and fraudulent report against her ; that he had always made his reports to the proper court, at the proper time, unless prevented by sickness or unavoidable absence ; that he was ignorant as to the law transferring the guardian business from the common pleas to the circuit court, and was for that reason, at one time, in default in making his report, but that no injury had resulted from such default to the relatrix ; that he had arranged with the relatrix to board her for her work, but that she became sick, and was not able to do anything ; that she is therefore indebted to him in a considerable sum for board ; that since his last discharge until the marriage of the said Anna J., she being a minor, there was no person with whom he could settle his accounts, or to whom he could pay over the money and assets in his hands, as such guardian ; that this suit was commenced just one hour after the said Anna J. was married, and before he could satisfy himself as to whether her husband was of the proper age to render it safe on his part to turn over the estate to the said Anna J. ; that he had been at all times since his last removal willing and in a condition to pay over, upon demand, the estate to the said Anna J., but that no demand had been made. It admits that Eiceman had failed to make reports as required by law. The paragraph is in answer to the whole complaint, yet it fails to answer the second breach assigned. Indeed, it admits the failure complained of in this breach.

The appellant does not admit directly that he was indebted to the relatrix at the commencement of this suit, but that he was largely indebted to her as such guardian is plainly and clearly inferable from the facts stated.

We think the court did not err in sustaining the demurrer

to the first paragraph of the answer. And in view of the facts pleaded, though the relatrix delayed but an hour, we can not say that she was unduly prompt in the commencement of this suit.

The fifth paragraph alleges that there is another suit pending in the same court, in which the appellees are plaintiffs and the said Eiceman, French, Wilburn and one more are defendants, and that it is for the same cause of action declared upon in this suit. When the other suit was commenced—whether before or after this suit was commenced—is not stated.

The demurrer was properly sustained to this paragraph. The judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be, and the same is hereby, in all things affirmed, at the cost of the appellant.