## SURROGATE'S COURT.

In the Matter of the Accounting of FRED. F. WENDELL, as executor, and LIBBIE PALMER, as executrix of the last will and testament of JAMES M. PALMER, deceased.

*Executory accounting — Mutual benefit associations — Moneys received from insurance upon the life of deceased not liable to be applied to the payment of his debts.*

A person has a legal right to provide, through a mutual benefit association, insurance for the benefit of his family, and designate the beneficiaries who should receive the benefits thereof after his decease, exclusive of the claims of creditors.

Moneys received from such benefit associations do not become assets in the hands of executors to be accounted for as a part of the estate. The certificates are not, during the life time of a testator, liable to be seized by legal process to pay his debts, and the moneys realized therefrom after his death do not become assets to be accounted for and applied to the payment of the claims of creditors, or for distribution among the next of kin.

Where the testator, during his life-time, became a member of two benefit insurance associations and held the usual certificates of membership therein, the benefit being made payable to his mother, and afterwards, for the purpose of providing for payment of the benefits to the wife and mother, by concurrence of the parties, the mother assigned the certificates to the executor and executrix (the latter being the wife of the testator), by an assignment in writing, by which it was provided that $6,000 to be realized therefrom should be kept upon trust by the assignees, the interest to be paid to the assignor during her life, and upon her death the principal to the wife. The deceased at the same time made his will, in which he expressed a desire and intention that $6,000 be safely invested by the executor and executrix (who are the same persons named in the assignment), and the income thereof be paid to his mother during her life, and upon her death the principal fund to his wife, her heirs and assigns, and the balance, $1,000, to be paid to his said wife. After testator's death, his will was duly proved and the executor and executrix obtained the money.

*Held*, that these moneys did not become assets in the hands of the executor and executrix, and they were not to be accounted for as a part of the estate, or to be applied to the payment of the claims of creditors.

*Montgomery County, April*, 1885.

*Sutton & Morehouse, Weller & Moore* and *W. H. Van Steenbergh* for sundry creditors.

*J. D. Wendell*, for executor and executrix.

*C. N. Hemcup*, for Mrs. C. C. Palmer.

ZERAH S. WESTBROOK, *S.*—THE executor and executrix are called upon to account by sundry creditors who have filed claims against the deceased incurred by him in his life-time.

An account duly verified has been presented and filed, by which the executor and executrix represent that no property or assets have come into their hands for which they are liable to account. No inventory has been made or filed, and no proceedings have been taken to compel the return of an inventory.

The contesting creditors, however, allege that the executor and executrix received certain moneys from insurance upon the life of the deceased, which are liable to be applied to the payment of debts, and for which they should account, that the proper application thereof may be made.

It appears that the testator, James M. Palmer, died March 10, 1883, being at that time wholly insolvent. In his life-time he became a member of the "Commercial Travelers' Association," and of the "Empire Order of Mutual Aid," benefit insurance associations of this state, and held the usual certificates of membership therein.

The benefits in these companies were made by the testator payable to his mother, Mrs. C. C. Palmer, either when he originally joined or subsequently, and she held the certificates.

On January 3, 1883, for the purpose of providing for payment of the benefits in these associations to the wife and mother of deceased, and by concurrence of the parties, Mrs. C. C. Palmer duly assigned the certificates of membership in said associations to the executor and executrix (the latter being the wife of the testator) by an assignment, in writing, in which it was

provided that $6,000, to be realized therefrom, should be kept upon trust by the assignees, and the fund invested and the interest be paid to the assignor during her life, and, upon her death, the principal to the wife.

The deceased, at the same time, and as a contemporaneous transaction, made his will, bearing even date therewith, in which he expressed a desire and intention that the moneys realized from said certificates of insurance should be disposed of as follows : $6,000 to be safely invested by the executor and executrix (who are the same persons named as assignees in the assignment referred to), and the income thereof paid to his mother, Mrs. C. C. Palmer, during her life, and, upon her death, the principal fund to his wife, her heirs or assigns, and "the balance of said insurance money, viz., $1,000," to be paid to his said wife.

After the testator's death his will was duly proved, and the executor and executrix obtained the money on said insurance certificates, to wit: $5,000 from the "Commercial Travelers' Association," and $2,000 from the "Empire Order of Mutual Aid."

It is not claimed that there is any property liable to be applied to the payment of testator's debts, unless the said insurance moneys can be reached for that purpose.

With the account, as verified and filed, showing that no property has been realized, the burden is cast upon the contesting creditors, to show that the executor and executrix have, or are chargeable with, property or assets liable to the payment of testator's debts.

The testator had the legal right to provide this insurance for the benefit of his family, and designate the beneficiaries who should receive the benefits thereof after his decease, exclusive of the claims of creditors.

This has been the law of this state for many years in respect to general life insurance, aside from the special character of benefit associations (*Laws of* 1840, *chap.* 86; *Laws of* 1858, *chap.* 187; *Laws of* 1870, *chap.* 277; *Laws of* 1873, *chap.* 821).

Matter of Wendell.

The only restriction in the insurance of a man's life for the benefit of his family is, that he shall not be allowed to expend for that purpose over $500 annually (*Laws of* 1870, *chap.* 277).

And when the premiums paid by the husband, in such case, exceed the $500 annually, limited by the statute, the excess only could be reached by creditors. Payment of an excess of premiums allowed by the statute by a person who is insolvent, would so far be a fraud upon his creditors, and the excess of insurance in such case, and so far could be legally reached and applied to the claims of creditors. This question, however, does not arise in this case.

To bring an insurance upon the life of a man for the benefit of his wife within the acts referred to, it is not essential that it should appear either by the terms of the contract or policy, or by extrinsic evidence, the intention will be presumed from the beneficial nature of the policy (*Brummer* agt. *Cohen*, 86 *N. Y.*, 11).

It may be that the mere assignment of the certificates by Mrs. C. C. Palmer would have been ineffectual to transfer the moneys over to the trustees (the assignees), had the testator (the assured) seen fit to change the beneficiaries before his death. But at the time of the assignment, and as a concurrent act, he made his will in confirmation of the transfer, and therein and thereby made the wife and mother the beneficiaries under the certificates, and provided for the disposition of the moneys to be derived therefrom for their benefit, substantially the same as in the assignment. That operated as a valid and effectual designation of the wife and mother as the beneficiaries, and continued unrevoked at his death, and the associations recognized it as such. The executor and executrix of the will, as assignees, under the transfer became, by the acts of the parties, trustees of the fund to be realized from the insurance certificates, to receive and dispose of the same as provided by the assignment and will construed together, for the exclusive benefit of the wife and mother. After the sum of $6,000 is set apart for the income

thereof to be paid to the mother, " the balance " is given to the wife absolutely and directed to be paid to her.

The contesting creditors assert that the moneys received from the benefit associations became assets in the hands of the execu- tor and executrix, to be accounted for as a part of the estate.

This is a mistake, the certificates were not during the life-time of the testator liable to be seized by legal process to pay his debts, and the moneys realized therefrom after his death did not. become assets to be accounted for and applied to the payment. of the claims of creditors, or for distribution among the next of kin (*Bown* agt. *The Catholic Mutual Benefit Association*, 33 *Hun*, 263).

The act of the legislature incorporating the " Empire Order of Mutual Aid " (*chap.* 189, *Laws of* 1879), specially provides that the benefits paid shall be exempted from seizure by legal or equitable process to pay a debt or liability of the deceased party on account of whose death the same shall be paid.

This provision is contained substantially in the by-laws of all benefit associations, though the particular provisions in the charter or by-laws of the Commercial Travelers' Association have not been made to appear.

It may be assumed, however, that they contain the ordinary provisions for paying over the fund provided as a benefit, to the designated beneficiaries. In such cases the benefits are exempted from the claims of creditors.

It is the object of these associations not to benefit the estates of members during life or increase them after death, but to pro- vide funds for the benefit of their families or others specially dependent upon them, after death, who may be designated dur- ing the life-time of the members to receive the same (*Loos* agt. *John Hancock Life Ins. Co.*, 41 *Mo.*, 538; *Bown* agt. *Catholic Mutual Benefit Association*, *supra*).

It is held in some cases that the fund provided as a benefit can in no event be passed to the estate of a deceased member, and if the beneficiary named to receive the benefit, in accordance with the by-laws of the association, dies before the assured the

benefit fails, and cannot be collected by the executor or administrator of the deceased (*Hellenberg Executor* agt. *The Independent Order of B' Nai Berith*, 94 *N. Y.*, 580).

In this case it is not even shown that the testator ever contributed or paid anything towards sustaining his membership, or that his estate has ever, in any respect, been diminished by reason thereof. The creditors fail to show that they have, in any respect, been injured by reason of the insurance, or that any provision of law has been violated in providing the insurance benefits for the wife and mother of .testator; until they do so they have no just grounds for complaint.

They have failed, as it appears to me, to show that the insurance moneys came to the hands of the executor and executrix as assets liable for the payment of debts; and considering the beneficial character of the moneys, every reasonable presumption should be indulged against any such conclusion, that the intention of the testator in making a just provision for his family may not be frustrated, where no rule of law or principle of justice is controvened.

I think that the accounts of the executor and executrix as filed should be finally judicially settled and allowed, and the objections thereto overruled.

A decree will be entered accordingly.