All the Justices concurring.

THE ST. LOUIS, KANSAS & ARIZONA RAILWAY COMPANY V. CHARLES W. CHAPMAN.

1. EVIDENCE *as to Value of Lots—Admission, not Error.* Upon the trial of an appeal from an award by commissioners of damages caused by the appropriation of a right-of-way through an addition to a city for railroad purposes, and a number of witnesses are called who testify that they have known the land appropriated for many years, its location and situation, and that at the time of its appropriation it had no market value; that they knew the value of real estate in that vicinity at the time of said condemnation; and such witnesses are permitted, over the objection of the defendant, to testify as to the value of the lots appropriated: *Held,* Not error.

2. VALUE—*Opinion, When Admitted.* Where it is shown that the property sought to be appropriated has no market value at the time of its appropriation, witnesses who are competent to testify to the value of property may give their opinions of the value of the land so taken.

*Error from Anderson District Court.*

ON August 26, 1879, the St. Louis, Kansas & Arizona Railway Company, by commissioners duly appointed, condemned fifty lots, and thirty feet of one other lot, all in Chapman's addition to the city of Garnett, as a right-of-way for said company, and assessed the damages at $227; from which appraisement plaintiff Chapman appealed to the district court.

Trial at the September Term, 1885.  The jury assessed the value of the land taken at $1,500, and the damages sustained by the plaintiff to his other adjacent land at $2,900, and allowed interest, $1,860.10, from the time of the taking until the trial.  While the motion of the defendant for a new trial was pending, the plaintiff remitted from the verdict the whole of said sum of $2,900, allowed for damages to his land other than that taken, together with the interest thereon, leaving the verdict to stand for $1,500, the value of his lots taken, with interest thereon at the rate of seven per cent. per annum from the time of taking until the time of verdict, September 18, 1885, being, principal and interest, $2,136.30.  Judgment was rendered for $1,500 and interest. _ *The Railway Company* brings the case here for review.

*W. A. Johnson*, for plaintiff in error.

*A. Bergen*, and *L. K. Kirk*, for defendant in error.

Opinion by CLOGSTON, C.:  The errors complained of are, that the witnesses who were permitted to testify as to the value of the lots appropriated were not competent to testify; and second, that the court erred in its instructions to the jury in relation to the question of value and rule of damages.  The objection to the competency of the witnesses by the defendant below arose not from want of a general knowledge of values in the community by the witnesses, or even of a knowledge in a general way of the value of the lots appropriated, but because of the fact that the witnesses showed that they were not acquainted with the market value of the lots at the time they were appropriated, for the reason that there was at that time no market value on the lots.  Counsel insists that the rule of damages is the market value of the lots at the time they were taken.  This is true where the property taken has a market value.  This then presents the question, can the value of property be shown in absence of a market value?  It was shown by the witnesses that they were residents of the city of Garnett, and that this addition adjoined and was part of the city;

that they had resided in Garnett for a number of years, and were well acquainted with the property in controversy, and acquainted with the general values of lands at Garnett and in that vicinity at the time this land was appropriated, and a number of them testified that for a number of years prior to and at the time of this suit they were engaged in the land business, and were dealing in real estate in that vicinity; that this property at the time it was appropriated had no market value; that they arrived at the value of lots from a comparison with the value of other lots and sales made in Garnett, and also from sales of lots made in Garnett, and also from sales of lots made in this addition before and after the land was appropriated, and from their general knowledge of the values of property. There was, however, a special objection made to the competency of the defendant in error as a witness. He showed that he had never resided in Kansas; that he had owned this land, known as the Chapman addition, since 1867, and had been well acquainted with it since that time; that he platted the land and fixed the prices of the lots; that he had sold some thirty or forty lots in said addition at the prices so fixed by him; that he was acquainted with the values of land and city property in and about Garnett at the time these lots were appropriated by the railway company; that he did not know of any market value for the lots at the time they were appropriated. Upon this foundation he was permitted to testify to the value of the lots so taken. In this we see no error. The fact that there was no market value of the lots in defendant's addition would not warrant the railway company in appropriating them without compensation. The law does not presume or require impossibilities; it only demands and requires the best proof under the circumstances of each case. Where property has a market value the rule is strict, and requires only that value to be shown; but where it is shown that the property is without a market value, then the law allows the next best evidence to be given to ascertain its value. The property then may be compared with other property; its value may be determined by persons who are shown to be

judges or who have knowledge of the values of real estate in that vicinity, and their opinions may be given of the value of the property, which in this case was the best evidence it was possible to procure. Some classes of property always have a market value; other property by reason of its location, or distance from market, or other circumstances, is without a market value; nevertheless it has a value, though the means of ascertaining it is changed where the rule requiring market value cannot be applied. In *L. T. & S. W. Rly. Co. v. Paul,* 28 Kas. 821, Judge BREWER, speaking for the court, says:

"While on the other hand, the values of real estate, especially in localities where there are few changes in property, are not so absolutely certain, and cannot be determined with absolute exactness; and in respect to them the testimony of witnesses partakes largely of the nature of opinions. And yet from the necessities of the case it has come to be recognized that such testimony is competent. It is the best that, in the nature of things, can be obtained; for a description by a witness of the locality of any given tract, its improvements and surroundings, would ordinarily throw little light upon the question of its value. So many things enter into and affect such value that a witness would be unable to describe them all, or even to comprehend them all fully. Hence it has become pretty generally established that a witness who testifies that he is acquainted with the values of real estate in the locality may give his opinion as to the value of any particular tract." (See also *A. T. & S. F. Rld. Co. v. Stanford,* 12 Kas. 380; *K. C. Rly. Co. v. Allen,* 24 id. 33.)

On the question of the values and the rule by which to determine the defendant's damages, the court instructed the jury as follows:

"4. In determining the value of plaintiff's lots appropriated as right-of-way, you are to consider the fair market value of the lots taken as to the time of the taking. This does not necessarily mean what it would bring at forced sale, or under peculiar circumstances; but such sum as the property is worth in the market; that is, to persons generally, if those desiring to purchase were found who were willing to pay their just and fair value.

"5. If you should find that there was no market for such

property at the time, it does not follow that they were worthless, or could be appropriated without fair compensation. You should inquire what was its actual value, its reasonable worth; you should consider its reasonable worth in the hands of a prudent seller, at liberty to sell, at a reasonable time for selling, and usual and reasonable terms and conditions of sale; taking in view the location of the lots and the purposes for which they were held. You should determine such value as the same would be determined by a prudent seller or purchaser. In arriving at this value the opinions of witnesses are taken. Of course the value of their opinions depends upon the means of knowledge, experience and observation that the witnesses are shown to possess. You are not concluded by these opinions of one or more witnesses. You should consider the location, surroundings, the value of other lots in the vicinity at the time, and determine such value from a careful comparison and consideration of the whole evidence, guided by your own observation of the location and situation, as shown by the view you have had of the premises. Of course you will not fix the value from your own knowledge, or opinions formed upon the view, but will make use of your observation in weighing and considering the testimony offered, and applying it to the case. You should not be influenced by any estimate of the owner, based upon fancy, local attachments, or otherwise; neither should you base your estimate upon forced sales made under circumstances of hardship."

In these instructions we see no error. It was a direction to the jury to determine the market value of the property, in the first instance, and if they found that there was no market value at the time the property was so taken and condemned, then they might consider the evidence of the reasonable worth of the same in the hands of a prudent seller, or a person desiring to purchase, and that in arriving at this value the opinions of the witnesses are to be taken, and that the value of the opinion depended upon the knowledge, experience and observation of the witness; also, that they were to consider its situation, surroundings, and the value of other property in that vicinity, and upon the whole evidence they were to be guided by their observation of the property, as shown to them, and from all this testimony and observation they were to determine its fair market value or real value. This instruction

seems to us to have been eminently fair and reasonable under the facts as shown in this case. This disposes of all the substantial claims of error in the record. All the other questions related to the damages allowed to the remainder of the addition not appropriated, which was by the defendant remitted after verdict, and therefore it is not necessary to examine any claim of error in the evidence or the instructions of the court therein.

We therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.