No. 1,797.

Masterson, Administrator, Etc., *v.* Cauble et al.

Decedent's Estates.—*Claims Against.—Order of Payment.—When Administrator Liable for Payment Out of Order Provided by Statute.—Statute Construed.*—If an estate is solvent, and all the debts are paid, or there is ample assets to pay all of the debts, the administrator is not guilty of a breach of his trust simply because he does not pay such debts in the order designated by section 2378, R. S. 1881 (section 2541, R. S. 1894).

From the Washington Circuit Court.

*Alspaugh & Lawler,* and *Elliott & Elliott,* for appellant.

*Mitchell & Mitchell,* for appellees.

Ross, J.—The appellant, James H. Masterson, as an administrator *de bonis non* of the estate of Henry Robertson, deceased, brought this action upon the bond of appellee, Peter C. Cauble, who had been appointed and had qualified and acted as administrator of said estate.

The appellees demurred to the complaint, the demurrer was sustained, and the appellant refusing to amend, judgment was rendered in favor of the appellees.

The complaint, omitting the caption, reads as follows:

"The plaintiff in the above entitled cause alleges that the defendant, Peter C. Cauble, was, on the 14th day of December, 1891, duly appointed by the circuit court within and for said county, administrator of the estate of Henry Robertson, who died intestate at said county, on the 8th day of December, 1891; that

on said day, viz: the 14th day of December, 1891, the said Peter C. Cauble gave bond, as such administrator, for the faithful performance of his duties as such administrator, in the penal sum of $10,000.00, with the said defendant, William B. Cauble and Samuel M. Cauble as securities on said bond, which bond was in all things approved by the said court, and the said Peter C. Cauble was duly sworn and qualified as such administrator, and then and there assumed and took upon himself the duties of administrator of said estate, a copy of said bond is filed herewith marked 'A,' and made a part of this complaint; that during the time the said Peter C. Cauble was acting as administrator of said estate, there came into his hands and custody, as such administrator, to be administered of the moneys, goods, chattels, and personalty belonging to the estate of said decedent, the sum of about five thousand ($5,000.00); that the costs of administration, expenses of last sickness, and funeral expenses of the deceased, and the taxes due and assessed against the property of the deceased at the time of his death, together with the claim of his widow, Martha A. Robertson, for her statutory allowance of $500.00, amounting in the aggregate to $1,040.00, have been allowed and paid by said administrator; that the foregoing items embraced all the preferred claims against said estate, excepting one note for $3,000.00, executed by said decedent to Mary J. Bowman, on the 17th day of September, 1888, and secured by a mortgage on the real estate of said deceased, in which mortgage the wife of said deceased joined; that said note is due and unpaid, and was due at the death of the said Henry Robertson; that said note was filed against said estate and admitted by the defendant Peter C. Cauble, as ad-

ministrator, on the 27th day of May, 1893, in the sum of $3,130.20; that there were other claims and pretended claims against said estate, none of which were secured by mortgage on the real or personal property belonging to said deceased, or in any way preferred, amounting in the aggregate to about the sum of $3,500.00; that said Peter C. Cauble, in disregard of his duties as such administrator, committed the following breaches of said bond, while acting in his capacity as such administrator, namely:

"1st. He misappropriated and misapplied the funds in his hands belonging to said estate, to the amount of three thousand five hundred dollars ($3,500.00), by paying the same out on claims and pretended claims against said estate, which were not preferred claims, and which belonged to the class denominated by the statutes as 'general debts,' thereby exhausting the funds of said estate in his hands and leaving unpaid, and refusing to pay, the said claim of the said Mary J. Bowman, which was and is secured by a mortgage on the real estate of the said deceased, in which mortgage the said Martha A. Robertson joined her said husband, unpaid and unsatisfied when he had money in his hands applicable to that purpose more than sufficient to pay the same, and the said estate was then and there clearly solvent; that there is now due and unpaid on the said claim to the said Mary J. Bowman the sum of $3,130.00.

"2d. The said Peter C. Cauble failed and refused to pay the said claim of the said Mary J. Bowman, which claim was, and is, a lien on the real estate of the deceased, and a lien on the interest of the widow of the deceased therein, but applied the moneys in his hands belonging to said estate to the payment of the 'general debts' owing by said estate, many of which

never were filed as claims against said estate, in violation of his duties as such administrator, thus keeping the said Mary J. Bowman out of her money, and jeopardizing the interest of the said Martha A. Robertson, widow as aforesaid, in said real estate, when the said estate was clearly solvent. .

"3d. The said defendant, Peter C. Cauble, while acting as such administrator, misapplied and misappropriated the moneys belonging to said estate, by paying the same out to persons on pretended claims against said estate, which had not been filed nor allowed against said estate, which alleged payments amounted to the sum of $3,000.00.

"That after the commission of the breaches of duty, above set out, the said Peter C. Cauble, administrator as aforesaid, applied to this court for an order to sell the lands of said decedent, so mortgaged as aforesaid to said Mary J. Bowman to pay debts, and obtained the same, and has since offered the said lands for sale twice, and has obtained no bids therefor; and, afterwards, the said Peter C. Cauble resigned his trust, whereupon one John Stratton was appointed to succeed the said Cauble, and the said Stratton resigned, and this plaintiff was appointed to succeed the said Stratton, and he now brings this action, and prays judgment against the defendants on the bond aforesaid for the money so misappropriated and misapplied by the said Peter C. Cauble, to-wit: $3,000.00, together with ten per centum thereon as damages, and costs of this action, and for all other proper relief."

As an exhibit to the complaint, a copy of the bond sued on was filed.

It will be observed that the complaint does not charge the appellee, Peter C. Cauble, with having converted the assets in his hands to his own use, or with failing to account therefor, neither does it charge

fraud, or any intent to defraud; but the charges are that, in the payment of the debts of the estate, he failed to pay them in the order designated by the statute, and, as appellant claims, left unpaid the claim of Mary J. Bowman, which was a preferred claim.

Upon the facts stated, although it is not charged that the estate was injured, appellant contends that the appellee, Peter C. Cauble, did not faithfully discharge his duties as administrator, hence is liable on his bond under section 2385, R. S. 1881 (section 2541, R. S. 1894).

The decedent's act, section 2378, R. S. 1881 (section 2534, R. S. 1894), designates the order in which claims against estates shall be paid, giving them preference in the order named, to-wit:

First. The expenses of administration.

Second. The funeral expenses.

Third. The expenses of last sickness.

Fourth. Taxes accrued upon the real and personal estate of deceased at his death, and taxes assessed upon the personal estate during the administration of the estate.

Fifth. Debts secured by liens upon the personal and real estate of the decedent.

Sixth. A sum not exceeding $50.00, for wages due any employe for work and labor performed for decedent within two months of his death.

Seventh. General debts.

Eighth. Legacies.

And section 2385, *supra*, provides that the administrator shall, if the estate is solvent, pay off the claims allowed as fast as money belonging to the estate comes into his hands, giving preference as provided in section 2378, *supra*. It also provides that "If any executor or administrator fail or refuse to pay any

claim when he has moneys in his hands applicable to that purpose, he shall be chargeable with the interest on such claim for such time as payment thereof shall have been wrongfully delayed, and shall also be liable in a suit on his bond, for the amount of the claim and ten per cent. damages thereon."

If an estate is solvent, and all the debts are paid, or there is ample to pay all, the administrator is not guilty of a breach of his trust, simply because he does not pay such debts in the order designated by the statute. It is only when some debt remains unpaid, which has a preference over one paid, that the question of the order of payment arises. The purpose of the statute is to secure the payment of the debts in the order named, those of the latter classes having no right to demand payment until those of the preceding classes have been paid. The preference given to debts secured by liens, as enumerated in the fifth class, was not to afford them greater security, but for the purpose of preserving the estate for the benefit of the heirs and the creditors enumerated under the succeeding classes. Until some claim, by reason of the misapplication of the funds of the estate by the administrator cannot be paid, no injury has resulted to the estate.

True, the debts secured by liens are not confined to collection out of the property against which the lien exists, but stand on an equality with the other general debts of the estate, and share with them in that part of the estate left after the payment of the preceding classes.

That an administrator has no right to pay claims, except in the order designated by the statute, requires no adjudication, for that is the express declaration of the statute, and any deviation therefrom, resulting in injury to the estate, or those holding just claims

against it, must be at his peril. The order of priority having been fixed by statute, it cannot be changed, even by the court. We cannot concur in the views of counsel for appellant, that an administrator is liable on his bond for a failure to pay the debts of the estate in the order specified by the statute, although such failure harms neither the estate nor the creditors. On the contrary, we think the purpose of the statute is to punish the administrator and reimburse the estate, if, on account of his mal-administration, a debt which it was his duty to pay, and he had the funds with which to pay, had been lost.

To say that an administrator cannot pay a claim of the third class until those of the first and second have been paid, although he has ample funds to pay, not only all enumerated in those classes, but also those in the succeeding classes, and that if he did so, notwithstanding no injury resulted, he would be liable under section 2385, *supra*, would, we think, be giving a meaning to that statute not intended by the Legislature.

Of the many authorities cited by counsel, both for appellant and appellee, we have found none decisive of the question before us. We are thoroughly impressed with the idea that the intention of the law-making power was to create a liability only for a wrong resulting in injury.

In the complaint under consideration, no facts are alleged to show, either that a creditor of one class has lost his debt by reason of a preference given by the administrator in the payment of a debt of another class, or that the estate has in any way been made to suffer by his acts. Unless some injury resulted from his acts, the law does not contemplate that he be mulct in damages.

Judgment affirmed.

Filed October 8, 1895.

ON PETITION FOR A REHEARING.

ROSS, J.—The appellant petitions for a rehearing, insisting that the construction placed upon section 2385, *supra*, is erroneous.

The material question presented on this appeal is whether or not, under the provisions of said section, the administrator of an estate should be mulcted in damages, if he pays the claims in the inverse order of that designated by the statute, when neither a creditor nor the estate he is administering is injured thereby. It was insisted, in the briefs of counsel for the appellants, on the original hearing, and is reiterated by them now, that the question of injury does not properly enter into the consideration of the question presented; that the statute is mandatory, requiring an administrator to pay the claims against the estate in the order designated by the statute, and if he fails to pay them in that order, but pays those of the third class, and does not pay those of the first or second classes, even though he may have the means to pay the claims of those classes also, and even though neither the estate nor the creditors of the first and second classes are injured by his paying the claims of the third class first, still there is a breach of the bond. We are still unable to concur in this construction of the statute. Taking and construing together the several provisions of the statute specifying the order in which claims shall stand for payment, and making it the duty of the administrator to pay the claims in the order designated by the statute, it is evident that the Legislature so provided in order that if the estate was not able, for any reason, to pay all of the claims, those having a preference should be paid, and if any were not to be paid, it must be those in the class or classes inferior to others. For that rea-

son the statute imposes upon the administrator the duty of paying the claims in the order designated by section 2378, *supra*, and if he pays them in any other order, and either the estate or a creditor is injured thereby, he is liable on his bond, as provided by section 2385, *supra*.

It is true, that the statute does provide the order in which claims shall be paid, and neither the administrator nor the court can change that order to the injury either of the estate or the creditors or legatees, but the statute does not contemplate that in every case shall all and every claim belonging to each preceding class, be paid before any claim belonging to the succeeding class shall be paid. Of course, if the administrator does pay any claim out of its order, he takes the risk of having to account to the estate in the event such payment out of the regular order results in injury to the estate or any creditor.

Counsel for appellant call attention to the case of *Eiceman* v. *State, ex rel.*, 75 Ind. 46, insisting that the holding in that case is decisive of the question presented in the case in hand. We think counsel are in error. In that case the court held that subdivision three of section 2521, R. S. 1881 (section 2685, Burns' Rev. 1894), which requires a guardian to make a report of the condition of his ward's estate once every two years, and for a failure shall be liable on his bond for ten per cent. damages on the whole amount of the estate in his hands, was liable on his bond, because he failed to make his report as the statute required. That statute is for the purpose of compelling the guardian to be diligent, so that the court may be advised of the condition of such estate, and of the manner in which it is being managed. There is no similarity between that provision of the statute and section 2385, *supra*, neither is the object to be obtained by the two provisions at all alike.

We are still satisfied with the original opinion, for which reason the petition for a rehearing is overruled.

Filed June 17, 1896.