## PETERSON, GUARDIAN, v. ERWIN, ADMINISTRATOR.

[No. 3,464. Filed February 6, 1902.]

EXECUTORS AND ADMINISTRATORS.—*Guardian and Ward.—Exception to Guardian's Report.*—It is the duty of the administrator of the estate of a person under guardianship at the time of his death to file exceptions to the guardian's final report, if he has reason to believe that the assets of the estate were not properly accounted for by the guardian. *p. 333.*

GUARDIAN AND WARD. — *Failure to Make Report. — Compensation of Guardian.—Guardian of Person of Unsound Mind.*—The provision of

the statute relating to the guardianship of minors which requires the guardian to render to the proper court an account of his receipts and expenditures at least once in every two years, and failing to do so receive no allowance for services, applies to guardians of persons of unsound mind.  *p. 333.*

GUARDIAN AND WARD.—*Exceptions to Report.*—Exceptions filed by an administrator to the final settlement report of the guardian of his decedent brings up for review all previous reports made by the guardian.  *pp. 333, 334.*

SAME.—*Illegal Allowance for Services.*—Where a guardian in a current report takes credit for any allowance for services contrary to the provision of the statute, such credit should be charged to the guardian in the final settlement report as assets of the ward's estate.  *p. 334.*

APPEAL AND ERROR.—*Waiver.*—Assignments of error which are not discussed are waived.  *p. 334.*

SAME. — *Conclusions of Law.* —*Exceptions.*—An assignment of error based upon the conclusions of law is not available where it does not appear that any exceptions were taken by the complaining party at the time the conclusions of law were stated.  *p. 334.*

SAME.—*Agreement as to Exceptions.*—A statement in the transcript that it was agreed that appellant should make the exception by appellee to the conclusions of law a part of the record cannot create an exception which was not at the time taken.  *p. 334.*

From Adams Circuit Court;  *D. D. Heller,* Judge.

Dore B. Erwin as administrator of the estate of John Laughery filed exceptions to the report of Robert S. Peterson as guardian of the decedent, who was a person of unsound mind.  From a judgment sustaining the exceptions in part, the guardian appeals.  *Affirmed.*

*S. Peterson,* for appellant.

*D. B. Erwin* and *J. T. Merryman,* for appellee.

ROBINSON, P. J.—The questions for decision upon this appeal arise upon the following facts, specially found by the court:  On the 29th day of November, 1890, appellant was appointed guardian of the person and property of John Laughery, an adult person of unsound mind, and on December 12, 1890, filed his inventory showing $1,874.20 belonging to the ward.  He afterwards received different sums, making the total amount which came into his hands as guardian, $3,778.21.  On November 19, 1898, Laughery

died, leaving as his only heirs two children, each more than twenty-one years of age, and shortly after his death these heirs authorized and directed, in writing, appellant to collect and settle the estate, and pay to them the residue after paying all expenses therein.   On the 14th day of August, 1893, and again on April 27, 1894, the guardian was ordered by the court to make a report, and on the 7th day of May, 1894, more than three years after his appointment, he filed a report upon which no action was taken by the court.   On February 15, 1897, he filed his second report, which was by the court allowed on the 14th day of April, 1897.   He filed his third and final report on the 19th day of May, 1899.   The guardian was entitled to credits of $3,217.70.   At the request of creditors, and on the written request of the heirs of the decedent, after they had requested the guardian to settle the estate, appellee was appointed administrator of the estate of the decedent on the 20th of March, 1899.   A reasonable compensation for receiving and paying out the moneys that came into the hands of appellant, as guardian, not considering anything for time, trouble, annoyance, and labor in looking after and caring for the ward, would be $188.91, which the guardian would be entitled to receive if he had made and filed his reports within the time fixed by law.   During the entire period of the guardianship the ward was of unsound mind, was sickly and crippled, and in such mental and physical condition as to be unable to make contracts for his clothing or boarding, and that his guardian during all this period of time bought and paid for his ward's clothing, hired and paid for his medical attendance at numerous times, and bought and paid for all his extras, railroad tickets, and car fare to attend soldiers' reunions, he being an ex-soldier, and that during this time the ward was unfit to be trusted with the purchase of any necessary articles or to make any contracts whatever; that he was a person in the habit of becoming intoxicated, and while in such condition frequently called upon the

guardian at his place of business, and was quarrelsome and abusive, and interfered with the guardian's business, and damaged the same, and frequently it was necessary for the guardian to call on the police force for protection for himself in his business, and that at times during his intoxication he would pledge his clothing for small sums of money or for whisky or for both, and the guardian was compelled to redeem the same; that the guardian's services, exclusive of the commission as heretofore stated, were reasonably worth $450, and that there was a balance in the hands of the guardian of $110.51. Upon these facts the court stated as a conclusion of law that appellant ought to pay to appellee the sum of $110.51, less the costs of so amending his final report as to make it correspond with the above facts.

The regularity of the appointment of appellee as administrator is not here questioned. As such administrator he had the right, and it was his duty, to file exceptions to the guardian's final report if he had reason to believe that the assets of the estate were not properly accounted for by the guardian. We must presume, in the absence of some showing, that there was sufficient grounds upon which to act when the court appointed the administrator. The appointment was made at the request of the two classes of persons interested in the property, the creditors and heirs.

The statute, §2721 Burns 1901, 2551 Horner 1901, provides that the same duties are required of, and the same powers granted to, guardians of persons of unsound mind as are required of and granted to guardians of minors, so far as the same may be applicable. That provision of the statute relating to the guardianship of minors which requires the guardian to render to the proper court an account of his receipts and expenditures at least once in every two years, and failing so to do shall receive no allowance for services, must be held applicable to guardians of persons of unsound mind.

The exceptions filed by appellee to the final settlement

report of appellant brought up for review all previous reports made by the guardian. The guardianship is one continuous matter, and when the court is asked to terminate the trust by approving a final report the whole guardianship may be reviewed. *Duckworth* v. *Kirby*, 10 Ind. App. 139.

Under the statute above quoted, the court had no authority, upon the facts stated, to allow the guardian anything for services. One part of the finding recognizes the force of this statute, but the amount actually allowed is designated by the finding as for "services." In such a case if the guardian, in any current report, takes credit for any allowance for services contrary to the provisions of the statute, such credit should be charged to the guardian as assets of the ward's estate. There are valid reasons for the existence of such a provision. If it may be declared not to apply to the facts here stated, it may be held not to apply in any case, and thus the statute be abrogated. There is error in the record but none of which appellant can complain. See, *State ex rel.* v. *Parrish*, 1 Ind. App. 441.

Appellee has assigned cross-errors upon the conclusion of law and upon overruling his motion for a new trial. The latter is waived, because not discussed, besides, no attempt has been made to bring the evidence into the record. The former is not available, because it does not appear that at the time the conclusion of law was stated appellee took any exception. A statement in the transcript that it was agreed that appellant should make part of the record the exception by appellee to the conclusion of law can not create an exception which was not at the time taken. The record shows that when the conclusion of law was stated the "exceptors to the report of the guardian then moved the court for judgment in their favor," and judgment was rendered on the conclusion of law.

As no error was committed against appellant, and as no question is presented by the cross-errors assigned, the judgment is affirmed.