# ALCON v. KOONS.

[No. 5,955. Filed November 1, 1907. Rehearing denied June 12, 1908. Transfer denied November 20, 1908.]

1. TRIAL.—*Special Findings.—Guardians' Reports.—Exceptions.*—On the trial of exceptions to a guardian's report special findings and conclusions of law may be demanded. p. 538.

2. SAME.—*Guardians' Reports.—Exceptions.—Appeal.*—On an appeal, by a guardian, from the sustaining of certain exceptions to his report, only such exceptions will be considered. p. 539.

3. GUARDIAN AND WARD.—*Management of Ward's Estate.*—It is the duty of a guardian to manage the property of his ward for the best interests of the ward's estate. p. 539.

4. SAME.—*Settlements.*—Guardians who fail to make reports every two years are liable, under §3068 Burns 1908, cl. 3, §2521 R. S. 1881, to a penalty of ten per cent of their wards' entire estates, and to a forfeiture of their claims for services, the purpose of the statute being to compel guardians to keep the court informed as to the condition of their wards' estates. p. 540.

5. SAME.—*Payment of Debts.*—Under §3068 Burns 1908, cl. 5, §2521 R. S. 1881, a guardian is imperatively required to pay all of his ward's debts out of the estate in his hands, and to that end may petition for the sale of the ward's real estate. p. 540.

6. PLEADING.—*Complaint.—Guardian's Sale of Real Estate.*—A guardian's petition for the sale of the ward's real estate for the payment of debts must set forth a detailed statement of the facts of the estate. p. 540.

7. GUARDIAN AND WARD.—*Liability.—Disclosure to Court.—Court Orders.*—When a guardian has made a full disclosure of his ward's estate to the court, and has executed the court's orders with reference thereto, he is not liable. p. 540.

8. SAME.—*Advice by Ward.*—An insane ward is under no duty of advising his guardian as to the management of his estate. p. 541.

9. SAME.—*Report.—Burden of Proof.*—Where exceptions are filed to a guardian's report the burden is upon the guardian to prove the correctness thereof, since he is regarded as the plaintiff. p. 541.

10. SAME.—*Loss of Ward's Equity in Real Estate.*—Where a guardian failed to exercise ordinary care to protect his ward's equity in real estate, and such equity was lost thereby, the guardian is liable, the *prima facie* loss being the value of the equity. p. 541.

11. JUDGMENT.—*Motion to Modify.—Conclusions of Law.—Appeal.*—A motion to modify or correct the judgment is the proper prac-

tice where such judgment does not fully follow the conclusions of law, and a failure so to move prevents the questioning of such judgment on appeal.  p. 542.

From Marion Circuit Court; *Henry Clay Allen*, Judge.

Guardian's report by Charles Alcon, to which William H. Koons excepts.  From a judgment for the exceptor, the guardian appeals.  *Affirmed.*

*Clarence E. Weir, Edgar A. Brown, Jameson, Joss & Hay, Roscoe O. Hawkins, Horace E. Smith* and *Gaylord R. Hawkins,* for appellant.

*A. R. Hovey, O. W. Newman, John Coburn, Schuyler Haas* and *W. N: Harding,* for appellee.

Roby, J.—Appellant, on August 29, 1902, filed his final report as guardian of the appellee, who was in September, 1897, adjudged to be a person of unsound mind, and on July 3, 1902, adjudged to be of sound mind.  In such report he set out in detail his receipts and expenditures, averred that the trust was fully administered, prayed for the allowance of certain sums for his services and for attorney's fees, and that the report be approved and the trust declared closed upon the payment into court by the ward of such sum as was necessary, in addition to the cash balance in the guardian's hands to discharge the advances made to the guardian and his attorney.  The appellee filed written objections to the approval of this report, a trial was had, special finding of facts made, conclusions of law stated, and judgment rendered against appellant for $1,703.16 and costs.

In the trial of exceptions to a guardian's report it is proper practice, upon request, to find the facts specially and to state conclusions of law thereon.  *Swift* v. *Harley* (1898), 20 Ind. App. 614; *Wysong* v. *Nealis* (1895), 13 Ind. App. 165; *Peterson* v. *Erwin* (1902), 28 Ind. App. 330; *Wainright* v. *Burroughs* (1891), 1 Ind. App. 393.

The exceptions were sustained as to three matters therein specified and overruled as to all others. It will be necessary to consider only those in which the specifications 2. were sustained. The second finding is substantially as follows: That on September 22, 1897, appellee was the owner of an equity of redemption in lot No. 32 in Lockwood & McClain's addition to the city of Indianapolis, and that said real estate was sold on decree of foreclosure July 17, 1897, for $655.37; that from the time of the appointment of appellant as guardian until July 16, 1898, the lot was reasonably worth fully $800 more than the amount necessary for its redemption; that appellant, as guardian, carelessly and negligently failed to make any reasonable effort to sell or dispose of his ward's equity in said property at any time during the year allowed by law for the redemption thereof, and further negligently failed to convert other property belonging to his ward into money with which to redeem said property; that the guardian did not exercise the care and prudence in the management of the estate that an ordinarily prudent man employs in his own affairs, and that by reason of his carelessness and negligence the guardian had damaged the trust in the sum of $800. The third finding is a practical duplicate of the second, describing a different lot, worth $200 more than the amount necessary to redeem.

The duty of the guardian is "to manage the estate for the best interests of his ward." §3068 Burns 1908, cl. 2, §2521 R. S. 1881. The discharge of this duty depends 3. "largely, if not wholly, upon the condition of the estate." Ray v. McGinnis (1882), 81 Ind. 451, 454. In the case cited the guardian was recompensed for money borrowed by him to discharge encumbrances upon his ward's land. See, also, Taylor v. Calvert (1894), 138 Ind. 67, 78, and Jones v. Crowell (1896), 143 Ind. 218.

If a guardian fails to render an account of his trust every two years, he is liable to a penalty of ten per cent of the

entire estate, and shall receive no allowance for serv-
ices. §3068 Burns 1908, cl. 3, §2521 R. S. 1881.

"Its obvious purpose is to require guardians having
charge of the estates of minors to furnish, in permanent
and reliable form, from time to time, statements of the con-
dition of estates entrusted to their management, for the
information of the proper court and the protection of
wards." *Eiceman* v. *State, ex rel.* (1881); 75 Ind. 46, 48.

It is not only the statutory duty of a guardian to man-
age the estate for the best interest of his ward, but he is
specifically required "to pay all just debts due from
such ward out of the estate in his hands." §3068
Burns 1908, cl. 5, §2521 R. S. 1881.

Whenever necessary for the payment of the just debts of
any minor, or for the discharge of any liens on the real
estate of such minor, the court may, upon the application
of such guardian, order the sale of the ward's real estate, or
a portion thereof. §3078 Burns 1908, §2528 R. S. 1881.

In an application for such sale the guardian is required
to set forth in detail the facts connected with the estate.
§3079 Burns 1908, §2529 R. S. 1881. And see *Slau-
ter* v. *Favorite* (1886), 107 Ind. 291; *State, ex rel.*, v.
*Petersen* (1905), 36 Ind. App. 269.

It follows from the specific duties imposed upon guardians
by the statute, as well as from the general character of the
trust, that it was the duty of the appellant to know
every fact upon which the exceptions taken to his re-
port depended, and, knowing them, to communicate
them to the court for its information and the protection of
the ward. If he had filed a petition for an order to sell the
real estate of the ward, it would have been necessary to set
out therein the value of the various tracts and the amount
of encumbrance thereon. Had this been done and an or-
der of sale made, but no property sold for lack of buyers,
the guardian would occupy a much different position. If
he had made a full report, upon which, after investigation,

the court had concluded it was useless to offer the lands for sale, the guardian would not, in the absence of fraud, be liable for anything. The ward was not under any duty to instruct the guardian or advise the court. The only reason for a guardianship lay in the ward's inability to transact business.

It follows, that when a guardian files a report and exceptions are taken to it the burden is upon him to establish facts entitling him to an order of discharge. "The administrators were required to establish the correctness of their report, in respect to such matters as were embraced in the exceptions filed by the appellants." *Hamlyn* v. *Nesbit* (1871), 37 Ind. 284. See, also, *Taylor* v. *Burk* (1883), 91 Ind. 252; *Wysong* v. *Nealis* (1895), 13 Ind. App. 165, 169. The guardian filing a final report and seeking to be discharged is regarded as the plaintiff. *Brownlee* v. *Hare* (1878), 64 Ind. 311, 316; *Spray* v. *Bertram* (1905), 165 Ind. 13; *Taylor* v. *Burk, supra; Johnson* v. *Central Trust Co.* (1903), 159 Ind. 605. The burden of proof is, however, for the purposes of this case, immaterial. The facts stated in findings two and three are sufficient to establish appellant's liability in any view which can be taken. The standard of care required from a guardian is that of an ordinarily prudent man. *Slauter* v. *Favorite, supra; Wainright* v. *Burroughs, supra.* An ordinarily prudent man, owning a city lot encumbered to the amount of $655.35, it being "reasonably worth fully" $800 in excess of the mortgage, will make a reasonable effort to protect or realize upon his equity. The appellant did not make such effort. It was his duty to do so, and the finding that he did not makes a case against him. In *Wainright* v. *Burroughs, supra,* it was found that the guardian endeavored to secure a purchaser for the property, and failed to do so. Nothing of the kind appears in the finding under consideration. The damage might be nominal (*Buchanan* v. *State, ex rel.* [1886], 106 Ind. 251), but the liability is to compen-

sate for the actual loss, and that is *prima facie* the value of the thing lost, and it devolved upon the appellant to show that the land was, with the diligence he was bound to exercise, worth less. *Harlan* v. *Brown* (1892), 4 Ind. App. 319, 324; *Latham* v. *Brown* (1864), 16 Iowa 118; *Downer* v. *Madison County Bank* (1844), 6 Hill 648.

11. The judgment does not in all respects follow the conclusions of law, but, in the absence of a motion to modify or correct it in the trial court, the correction cannot now be insisted upon.

Judgment affirmed.

Comstock, C. J., and Rabb, J., dissent.

## DISSENTING OPINION.

COMSTOCK, C. J.—Action arising upon the exceptions filed to the final report of Charles Alcon, guardian of William H. Koons. Appellant on September 22, 1897, was, by the Marion Circuit Court, appointed guardian of appellee, William H. Koons, a person of unsound mind, and served as such guardian until July 3, 1902, on which date said Koons was adjudged by the same court to be a person of sound mind.

Appellant, as such guardian, filed his final report in said circuit court on August 29, 1902, in which he charged himself with a balance of $672.17. Appellee on Agust 12, 1904, filed his amended exceptions to this final report, in which he made five separate objections thereto, as follows: First. That at the time he was declared of unsound mind he was the owner of lot No. 32 in Lockwood & McLean's addition to the city of Indianapolis, which consisted of a lot with dwelling-house thereon, and that it was of the value of $2,500; that it was encumbered by a mortgage for $500, which had been foreclosed prior to the appointment of appellant as guardian, and that under a proper decree it had been sold to the mortgagee on July 17, 1897, for the sum of $655.37, the amount of the mortgage, with interest and costs; that there was in this real estate a right of redemption of

the value of $1,540, and that the guardian failed to inventory
or appraise it or sell it, but permitted the year of redemp-
tion allowed by law to expire, and such equity thereby to be
lost.    Second.    That he had been the owner of lot No. 160
in Jackson & Hogshire's East Washington street addition to
the city of Indianapolis, which had a dwelling house there-
on, which property was of the value of $1,600; that this
had been likewise encumbered by a mortgage for $500, which
had been foreclosed, and under a proper decree the same
had been sold to the mortgagee on July 17, 1897, for the
sum of $597.17, the amount of the decree with interest and
costs; that the right of redemption in this real estate was
worth $1,000; that the guardian neglected to inventory or
appraise it or file any petition to sell it within the year al-
lowed by law for the redemption, and that the guardianship
trust had been damaged thereby in the sum of $1,000.
Third.    That he had likewise been the owner of lot No. 75
in Pickens & Loftin's East Washington street addition
to the city of Indianapolis, with a dwelling-house there-
on and other improvements, all of the value of $3,000;
that this likewise had been encumbered by a mort-
gage for $1,600, which had been foreclosed prior to the ap-
pointment of a guardian and a decree entered on February
10, 1897, for $2,377.52, and that on March 6, 1897, the same
had been sold by the sheriff for $2,000; that the guardian
failed to take possession of certain harness and a surrey of
the value of $100, but allowed them to be sold by the wife
of the ward, by which the trust had been damaged in the
sum of $100.    Fourth.    That the guardian had failed to
collect the wages of the ward's minor children, to his damage
in the sum of $1,872.    Fifth.    That he had been, at the time
the guardian was appointed, the owner of certain real estate,
about two hundred fifty acres of farm land, in the state
of Iowa, all fully described; that this land was worth $60
per acre for farming purposes; that in addition it was un-
derlaid with beds of coal, which added $25 per acre to its

value, and that these lands were improved and under cultivation; that the. guardian took no care of these lands, but he filed a petition in the probate court in the state of Iowa, and obtained an order to sell the entire body of land, and afterward sold it to J. C. Copeland, who had been one of the appraisers appointed by the court; that the lands were really worth $75 per acre, and should have brought $9,373, instead of $1,800. Upon the exceptions he prayed judgment against appellant for $20,000.·

Hearing was had upon the guardian's final report, and the exceptions thereto noted. Upon the request of appellee the court made a special finding of facts and stated six conclusions of law thereon. The first was to the effect that said Alcon was liable to Koons for $800, the value of the real estate described in finding number two, over and above the amount necessary to redeem the same; the second, that Alcon was liable to Koons for $200, the value of the real estate described in finding number three,·over and above the amount necessary to redeem the same; the third, fourth, and fifth, that the third, fourth and fifth objections to the report were not sustained; the sixth, that Koons was entitled to the immediate possession of the mortgage note then in possession of Alcon. The appellant excepted separately and severally to the first, second and sixth conclusions, filed a motion for judgment in his favor and for a new trial, which motions were overruled. Appellee excepted severally and separately to the third, fourth and fifth conclusions. Appellee filed a motion for a new trial, which motion the court overruled and rendered judgment against appellant for $1,703.16.

For reversal appellant says that the trial court erred (1) in the conclusions of law stated on the special finding of facts; (2) in overruling appellant's motion for judgment in his favor; (3) in overruling his motion for a new trial.

A special finding of facts and statement of conclusions of law thereon, in the case at bar, was proper practice. *Peter-*

*son* v. *Erwin* (1902), 28 Ind. App. 330; *Slauter* v. *Favorite* (1886), 107 Ind. 291; *Taylor* v. *Wright* (1884), 93 Ind. 121; *Wainright* v. *Burroughs* (1891), 1 Ind. App. 393; *Wysong* v. *Nealis* (1895), 13 Ind. App. 165; *Swift* v. *Harley* (1898), 20 Ind. App. 614.

The office of a special finding is to find facts essential to support the judgment. The fact, and not evidence of a fact, is to be specially found. *Trustees, etc.,* v. *Shoemaker's Estate* (1898), 20 Ind. App. 319. A special finding must show all of the facts necessary to warrant the conclusions of law. *Miller* v. *Stephenson* (1901), 27 Ind. App. 271. If the findings are silent as to any material fact, it will be presumed to be against him on whom the burden rests.

The substance of said special findings two and three, is as follows: (2) That on September 22, 1897, appellee was the owner of an equity of redemption in lot No. 32 (describing it), which had been sold to the mortgagee by the sheriff of Marion county, on a decree of foreclosure on July 17, 1897, for the sum of $655.37, being the full amount of principal, interest and costs adjudged against said Koons; that on the day of the appointment of said guardian and until July 16, 1898, this real estate was worth fully $800 more than the amount necessary for the redemption thereof; that appellant, as guardian, carelessly and negligently failed to make any reasonable effort to sell or dispose of his ward's equity in the property at any time during the year allowed by law for the redemption thereof, and carelessly and negligently failed to convert other property belonging to his said ward into money with which to redeem the same from sheriff's sale, and did not exercise such degree of care and prudence in the management of said real estate, and in relation to providing means for the redemption thereof, or in finding a purchaser for his ward's interest therein, as an ordinarily prudent man employs in his own affairs, and that by reason thereof the trust was damaged in the sum of $800.

(3)   That on September 22, 1897, said Koons was the owner of an equity of redemption in lot No. 160 (describing it); that the same was sold to the mortgagee by the sheriff of Marion county on a decree of foreclosure on July 17, 1897, for the sum of $597.17, being the full amount of principal, interest and costs adjudged against said Koons; that this real estate, on the appointment of the guardian, and thereafter up to July 16, 1898, was worth $200 more than the amount necessary to redeem the same.   The language following is identical with that employed in said second finding, excepting the finding that the trust was damaged in the sum of $200.   The expressions "carelessly and negligently," and that the guardian "did not exercise such degree of care and prudence in the management of said real estate, and in relation to providing means for the redemption thereof, or in finding a purchaser for his ward's interest therein, as an ordinarily prudent man employs in his own affairs," etc., are conclusions of law.   They are void, and must be disregarded.   *Old Nat. Bank, etc.* v. *Heckman* (1897), 148 Ind. 490.

Omitting these conclusions, and there remain only the findings that the appellee was the owner of a certain equity of redemption in the real estate described, and that the guardian failed to dispose of it during the year allowed by law for redemption.   There is no finding that it was even possible for a guardian to sell said equities.   The findings upon the possibility of selling the equities in the different pieces of real estate which had been sold, are that they were worth fully a certain sum more than the amount received by the sheriff's sale; such finding is not sufficient to make the guardian liable.   Cash would have been necessary for the purpose of redemption, and it should appear that it was possible to realize cash out of the right of redemption. The findings do not state the market value of the real estate, or that it had any market value.   The expressions "rea-

sonably worth" or "reasonable value" are not so broad as market value. In *St. Louis, etc., R. Co.* v. *Chapman* (1888), 38 Kan. 307, 16 Pac. 695, 5 Am. St. 744, and cases cited, the difference in the meaning of "reasonably worth" and "market value" are pointed out. An instruction was approved which treated "actual value" and "reasonable worth" as synonymous, and said: "You should consider its [the lot's or real estate's] reasonable worth in the mind of a prudent seller, at liberty to sell at a reasonable time for selling at usual and reasonable terms and conditions of sale." Reasonable worth imports the conditions of time and terms, and not a sale for cash. These findings do not fairly tend even to show that the equities could have been sold for cash within the time allowed for redemption. The alleged negligence of the guardian was not embraced in the report. Such negligence would not therefore be presumed. *Wainwright* v. *Smith* (1886), 106 Ind. 239; *Wainright* v. *Burroughs, supra.* As to all matters in the report of a guardian questioned by exceptions, the report is the complaint of the guardian, and the burden is upon him to sustain it, but as to negligence or nonfeasance of the guardian, consisting of matters outside the recorded facts, the burden is upon the exceptor. The following cases are in point: *Kirby* v. *Coles* (1836), 15 N. J. L. 441; *In re Johnson's Estate* (1875), 11 Phila. (Pa.) 83; *In re Palmer* (1885), 3 Dem. Sur. 129; *In re Thomas's Estate* (1887), 4 Kulp (Pa.) 446; *Shepard* v. *Gill's Admr.* (1875), 49 Ala. 162; *In re Estate of Millenovich* (1869), 5 Nev. 161; *Brownlee* v. *Hare* (1878), 64 Ind. 311.

The burden was upon appellee to show the negligence of appellant in failing to redeem the equities in the real estate sold. There is no finding of any fact showing an opportunity to sell the equities, or that they might have been sold for their full value or for the amount of cash necessary to redeem them. The findings being silent on these

material facts, they are presumed to be against the appellee, and the conclusions of law based upon special findings two and three were, therefore not warranted.

That the law imposes upon guardians important duties and requires that they be discharged with promptness and fidelity, that the proper court may authorize a guardian to borrow money to discharge liens upon the property of his ward, are propositions not disputed. In the case at bar the controlling question is, "Are the conclusions of law supported by the facts specially found?" This question should, I think, be answered in the negative. Conclusions of law should be based upon ultimate facts found, and not evidentiary facts. To warrant a judgment against appellant the special findings should show that the guardian failed in selling the equities of redemption when such sale could have been made and the money realized thereby to redeem his ward's lands within the year for their redemption.

The judgment should be reversed, and a new trial had.

Rabb, J., concurs in the foregoing dissenting opinion.