SOHL *v.* WAINWRIGHT TRUST COMPANY, GUARDIAN.

[No. 10,539.   Filed March 15, 1921.   Rehearing denied June 28, 1921.]

1. NEW TRIAL.—*Application.*—*Filing Prior to Entry of Judgment.*—In a proceedings by a guardian to have its final report approved, where, after the court had heard the evidence on exceptions filed by the ward and the argument of counsel thereon, it overruled the exceptions and made a minute of such ruling, this was, in effect, a general finding in favor of the guardian on the issues tendered by the final report and exceptions thereto, and a motion for new trial then filed by the ward was not premature.   p. 201.

2. APPEAL. — *Judgments Reviewable.* — *Judgment Discharging Guardian.*—In a proceeding by a guardian for the approval of its final report, to which the ward had filed exceptions, a judgment overruling the exceptions, approving the report, and discharging the guardian, made a final disposition of the guardianship and was, therefore, a final judgment from which an appeal could be taken.   p. 202.

3. INSANE PERSONS. — *Pleading.* — *Guardian's Report.* — *Exceptions.*—In a proceeding to have a guardian's final report approved, the report stands as the complaint, and the exceptions thereto as the answer.   p. 202.

4. INSANE PERSONS.—*Guardian's Report.*—*Motion to Make Specific.*—*Failure to Withdraw Exceptions.*—In a proceeding to have a guardian's final report approved, where the ward filed his motion to make the report more specific after filing exceptions thereto without first withdrawing the exceptions by leave of court, the motion was properly overruled.   p. 202.

5. APPEAL.—*Review.*—*Harmless Error.*—*Overruling Motion to Make Guardian's Report Specific.*—The overruling of a motion, filed by the ward, to make his guardian's final report more specific is not reversible error, where the ward fails to show that he was in any way injured by the ruling.   p. 202.

6. INSANE PERSONS.—*Guardian's Final Report.*—*Exceptions.*—*Findings of Trial Court.*—*Conclusiveness.*—In a proceedings to have a guardian's final report approved, where there was substantial evidence tending to show that certain items, challenged by exceptions were neither excessive nor improper as charged, the court on appeal cannot say that it was error to refuse to sustain the exceptions.   p. 205.

7. INSANE PERSONS.—*Guardian.*—*Failure to File Report.*—*Compensation.*—*Statute.*—Section 3068, cl. 3, Burns' Supp. 1918,

Acts 1915 p. 34, did not bar an allowance of compensation to a guardian for its services because of its failure to file a report at the expiration of two years, where, when the two-year period expired, it had been served with notice of an application by the ward to have it removed as guardian, and did not resist the application, but awaited the result of the proceedings thereon, so that a single report would suffice, and, within three or four days after the matter was determined, filed the report. p. 205.

8. INSANE PERSONS.—*Guardian's Report.—Exceptions.—Grounds. —Operation of Ward's Business.*—Where a guardian was appointed for one adjudged incompetent to manage his own estate, the mere fact that the guardian continued, without any order of court authorizing it to do so, the operation of the ward's retail meat market was not ground for exception to the guardian's final report, the absence of such an order not affecting the guardian's right to continue the business, but merely placing upon the guardian the burden of showing, in event it should be charged that its continuance was not for the best interest of the estate, that in continuing it such prudence and sound discretion was exercised as amounted to due care. p. 206.

9. INSANE PERSONS.—*Guardian.—Operation of Ward's Business. —Failure to Make Report.—Remedies of Ward.*—That the guardian had not theretofore made a proper report with reference to the ward's business, which the guardian had continued after its appointment, while it might have afforded ground for a motion to make the final report more specific, was not ground for exception to the final report, where no misconduct or want of fidelity with reference thereto resulting in loss to the ward's estate was charged against the guardian. p. 206.

10. INSANE PERSONS.—*Operation of Ward's Business by Guardian.—Liability of Estate for Rent and Stock.*—Where a guardian was appointed for one adjudged incompetent to manage his own estate, and the guardian continued the operation of the ward's retail meat market, money expended by the guardian for rent for the premises in which the business was conducted and for stock was properly chargeable against the ward's estate, in the absence of proof that the premises were not so used, or that the stock was not purchased and sold by the guardian. p. 207.

11. EXEMPTIONS.—*Pensions.—Exemption from Demands of Pensioner's Creditors.*—Although money derived from a government pension is protected by congressional enactment against the demands of creditors of the pensioner while it remains with the pension office, or in the hands of any officer or agent

thereof, or is in course of transmission to the pensioner, after it reaches his hands it becomes the same as money derived from other sources. p. 207.

12. INSANE PERSONS.—*Personal Expenses.—Payment.—Use of Ward's Pension by Guardian.*—Where a ward's government pension is expended by the guardian in providing for the support, comfort and health of the ward, the court may allow such expenditure as a credit in the guardian's favor. p. 208.

13. INSANE PERSONS.—*Guardian's Report.—Exceptions.— Grounds.—Use of Ward's Pension to Pay General Creditors.*— Where the guardian's use of the ward's pension money, in paying general claims against his estate, served to protect the estate by preventing the depletion of other trust funds in the guardian's hands, which were thereby preserved for the ward's support, he suffered no loss because the particular fund derived from the pension was not preserved and paid over to him, and such expenditure of the pension money was not, therefore, ground for an exception to the guardian's final report. p. 208.

14. APPEAL.—*Scope of Review.—Matters not Adjudicated Below.* —In a proceedings by a guardian to have its final report approved, issues as to the guardian's failure to exercise proper discretion and care in continuing the operation of the ward's retail meat market after appointment as guardian, which might have been, but were not tendered by the guardian in its final report, or by the ward in his exceptions thereto, cannot be determined on appeal. p. 208.

From Hamilton Circuit Court; *Ernest E. Cloe,* Judge.

Proceedings by the Wainwright Trust Company, guardian of Thomas B. Sohl, to have its final report as guardian approved, opposed by the ward. From a judgment approving the report, the award appeals. *Affirmed.*

*Robert H. Kinney,* for appellant.
*Shirts & Fertig,* for appellee.

BATMAN, J.—The record discloses that appellant had been adjudged incompetent to manage his own estate, and that appellee had been appointed his guardian. After the guardianship had continued for some time he was adjudged to be entitled to a restoration of his estate, and to be discharged from guardianship. Appel-

lee filed its final report as such guardian, and appellant filed his exceptions thereto. Appellant also filed successive motions to strike out parts of said final report and to make the same more specific, each of which was overruled. The issues formed by the final report and the exceptions thereto were submitted to the court for trial, resulting in a judgment overruling said exceptions, approving said final report, and discharging appellee as guardian. It was also adjudged that appellee recover of appellant the costs incurred by it upon said exceptions. At the time said judgment was rendered appellant's motion for a new trial, which had been previously filed, was overruled. Appellant is now prosecuting this appeal and has assigned errors which require a consideration of the questions hereinafter determined.

Appellee contends that by reason of certain defects in appellant's brief, he has failed to present any question in this court for our determination. While appellant's brief may not have been prepared with commendable care, in the first instance, it has been so amended by leave of court, as to substantially comply with the rules governing the preparation of briefs, and thus enable us to determine the questions hereinafter considered.

Appellee contends that this court cannot consider the alleged error, relating to the action of the court in overruling appellant's motion for a new trial, because

1. such motion was prematurely filed. We cannot concur in this contention. It appears that, after the court heard the evidence on the exceptions filed by appellant to appellee's final report as guardian, and the argument of counsel thereon, it overruled said exceptions and made a minute of such ruling. This was in effect a general finding in favor of appellee on the issues tendered by the final report and exceptions thereto. Ap-

pellant then filed a motion for a new trial, which was overruled, and thereupon the court rendered the following judgment: "It is therefore considered and adjudged by the court that the exceptions of 2. Thomas B. Sohl to the guardian's final report herein be overruled, and the same are now overruled, and that the said guardian's final report be approved as prayed therein, and the guardian discharged as prayed therein, and that the guardian recover of said exceptor, Thomas B. Sohl, the costs upon said exceptions, taxed at $————." This judgment made a final disposition of the guardianship, and hence is a final judgment from which an appeal may be taken. In this respect it differs from the case of *Leach* v. *Webb* (1916), 62 Ind. App. 693, 113 N. E. 311. Appellee is not in a position to contend otherwise successfully, even in view of the prayer with which appellant's exceptions conclude, since it made no objections to the form of the judgment, and appears in this court, seeking to have the same affirmed, in order that it may assert a final discharge from its trust thereunder.

Appellant contends that the court erred in overruling his motion to require appellee to make his final report more specific. In actions of this kind the final 3-5. report stands as the complaint, and the exceptions thereto as the answer. *Alcon* v. *Koons* (1908), 42 Ind. App. 537, 82 N. E. 92, 84 N. E. 1104; *Spray* v. *Bertram* (1905), 165 Ind. 13, 74 N. E. 502; *Bossert* v. *Geis* (1914), 57 Ind. App. 384, 107 N. E. 95. It appears from the record that appellant filed his motion to make the final report more specific, six days after he had filed his exceptions thereto, without first withdrawing his exceptions by leave of court. In view of this fact, the court did not err in overruling said motion. *Hart* v. *Walker* (1881), 77 Ind. 331. Moreover appellant has failed to

show that he was in any way injured by the action of the court in so ruling, and hence there was no reversible error committed thereby, regardless of the time at which such motion was filed. *Western Life, etc., Co. v. Lindsay* (1920), 74 Ind. App. 122, 127 N. E. 841.

The only other contention made by appellant on this appeal, which calls for our consideration, relates to the sufficiency of the evidence to sustain the final report in the particulars challenged by the exceptions filed thereto. In order that it may clearly appear what issues were tendered by said exceptions, we set the same out in full, omitting the introduction and prayer,

"1. It does not appear, from the said report, what were the items of the inventory, and said inventory is not on file.

2. It does not appear from the said report what disposition was made of the individual items of said inventory.

3. The date of the payment on sale of the real estate is not given.

4. The date of the other receipts are not shown.

5. The guardian does not charge itself with any interest upon funds so received.

6. The credit claimed for the payment of the judgment of Amanda Sohl is excessive, and the guardian was negligent in permitting said notes to go to judgment and in paying more than the principal and lawful interest on the same.

7. The guardian's report, required by law, was not filed at the expiration of two years, and, therefore, the charge of the guardian for service is not properly allowable.

8. The credit claimed for the account of Craig and Son, $98.84, is improper.

9. The credit claimed for attorney's fees paid to Roberts and Roberts, one hundred dollars, is excessive, for the reason that the services of said attorneys are not set forth, and said attorneys were at the time employed to represent interests adverse to the said trust.

10. The guardian makes no showing as to the income or expenditures connected with the opera-

tion of the ward's business as a retail meat store during the period of said guardianship, nor was the conduct of said business by the guardian authorized or approved by the court in a proper order.

11. The undersigned excepts to the credit of $296.99 for rent alleged to have been paid, and says that the same is not a lawful charge against said estate.

12. Petitioner excepts to the credit of $569.33, paid to the Hamilton Chemical Company, for the reason that no such indebtedness existed which was a lawful charge against the said estate, and no showing is made as to the reason for making such payment.

13. Petitioner objects to the credit of $95.00 to H. F. Ackles for auto supplies and repairs, for the reason that said charge is not a lawful charge against said trust and no showing is made as to the nature or occasion for said payment.

14. Your petitioner objects to the guardian's report and to all disbursements by guardian of the pension funds that came into the hands of the guardian, other than those for actual necessities of life; that said ward is entitled to all of his pension money, and same is not subject to the payment of general creditors."

The facts stated in specifications Nos. 1, 2, 3, 4 and 5, of said exceptions, if true would not of themselves justify a reversal of the judgment approving the appellee's final report. Some of them are clearly not essential to a proper final report, others might have been the subject of a motion to make the report more specific, if timely made, but none would require a reversal of the judgment of the court below, where there was any substantial evidence introduced on the trial, tending to show that the trust had been properly administered, in respect to the matters thus questioned. An examination of the record discloses such evidence, and hence the court did not err in its rulings as to said specifications.

In regard to specifications Nos. 6, 8 and 13 it suffices

to say, that there is substantial evidence tending to show that the items of the final report challenged 6. thereby, are neither excessive nor improper, as charged. This being true we cannot say there was any error in the action of the court in refusing to sustain the same. *Suit* v. *Hershman* (1918), 66 Ind. App. 388, 118 N. E. 310.

It will be observed that specification No. 7 is based solely on the fact, that the court allowed appellee $150 for its services as guardian, notwithstanding the 7. fact that it did not file a report in conformity to the third subdivision of §3068 Burns' Supp. 1918, Acts 1915 p. 34. This section is an amendment of §3068 Burns 1914, §2521 R. S. 1881, and unlike said original section, it provides, in effect, that a guardian may receive compensation for his services, notwithstanding a failure to file a report in his trust as therein provided, where he shows to the satisfaction of the proper court, a reasonable excuse for such failure. In the instant case appellee offered as its excuse for the failure charged, that when the two year period mentioned in said section expired, it had been served with a notice of an application by appellant to have it removed as guardian; that it did not resist said application, but awaited its result, so that a single report would suffice, and that within three or four days after the matter was determined, it filed the final report in question. The trial court accepted this excuse as satisfactory, and made the allowance to appellee under consideration, as its compensation for services as such guardian. Under these circumstances we cannot say that the section of the statute cited is a bar to such allowance. We therefore conclude that appellant's contention as to said specification is not well taken.

Specification No. 10 relates to appellee's operation of appellant's retail meat market after its appointment as

his guardian. It is not charged in the exceptions that appellee did not exercise due prudence, or proper discretion, in its decision to continue the operation of such market. Nor is it charged therein, that appellee did not use due care in the management of such business after it decided to continue the same. Nor is there any charge in the exceptions, that appellee was guilty of any misconduct with reference thereto, or that he failed to properly account for any of the proceeds derived therefrom, or that appellant's estate suffered any loss either from the continuance or management of such business. In the absence of any such charge we fail to see how the facts stated in said specification would warrant a reversal of the judgment. Appellee had a right to continue appellant's retail meat market without any order of court authorizing it to do so. The fact that he continued said business without such order only placed upon him the burden of showing that in doing so, he exercised such prudence and sound discretion as amounted to due care, in the event it should be charged that its continuance was not for the best interest of his ward's estate. On the other hand such an order would have been merely his justification for so doing, in the event such a charge had been made. *Indiana Trust Co.* v. *Griffith* (1911); 176 Ind. 643, 95 N. E. 573, 44 L. R. A. (N. S.) 896, Ann. Cas. 1914A 1023. If appellee had not theretofore made a proper report with reference to the operation of such business, such fact might have been made the subject of a motion to make the final report more specific, if timely made, but it cannot serve as a ground for reversal where no misconduct or want of fidelity with reference thereto is charged against appellee, as such guardian, resulting in a loss to appellant's estate.

Specifications Nos. 11 and 12 relate to two items of

indebtedness for which appellee asks credit in his final report. The exceptions to these items are based 10. on the sole ground that they are not *lawful charges against appellant's estate.* The evidence shows that said indebtedness grew out of appellee's operation of appellant's retail meat market, the first being for rent of the premises on which such business was conducted, and the second being for stock purchased for retail in connection therewith. It is not charged in the exceptions that such premises were not so used, or that such stock was not so purchased and sold by appellee, as such guardian. On the other hand the evidence tends to show that such premises were so used, and such stock so purchased and sold. Under these circumstances appellant's estate was clearly liable for the payment thereof. As appellant does not allege any other ground for a disallowance of such items, we hold that no error is shown in the action of the court with reference thereto.

Specification No. 14 relates to the disbursement by appellee of the funds received by it on account of appellant's government pension. Although money 11. derived from such a pension is protected by congressional enactment, against the demands of creditors of the pensioner, while it remains with the pension office, or in the hands of any officer or agent thereof, or is in the course of transmission to such pensioner, after it reaches his hands, it becomes the same as money derived from other sources. *Faurote* v. *Carr* (1886), 108 Ind. 123, 9 N. E. 350; 18 Cyc 1440; 11 R. C. L. 525; *Friend* v. *Garcelon* (1885), 77 Me. 25, 52 Am. Rep. 739; *Webb* v. *Holt* (1882), 57 Iowa 712; *Jardain* v. *Fairton, etc., Assn.* (1882), 44 N. J. Law 376. But it has been held that money paid to the guardian of a government pensioner is not a payment to such pensioner, as such guardian is nothing more than the

agent of the government in transmitting such money to him. *Tama County* v. *Kepler* (1919), (Iowa) 173 N. W. 912; *United States* v. *Hall* (1878), 98 U. S. 343, 25 L. Ed. 180; *Manning* v. *Spry* (1903), 121 Iowa 191, 96 N. W. 873. Had the money in question been paid out by appellee in providing for the support, comfort and health of appellant, it would clearly appear that he had received the benefit thereof, and the court's allowance of the same, as a credit in appellee's favor, would have been entirely proper. While the evidence does not show that the money was so expended, it does show that the use of appellant's pension money, in paying general claims against his estate, served to protect the same by preventing the depletion of other funds in appellee's hands as such guardian. Such other funds were thereby preserved for his support, and therefore it cannot be said that he suffered any loss because the particular fund derived from such pension was not preserved and paid over to him. If appellant's estate had been insolvent, and such fund had been paid out in the discharge of obligations of appellant, whose collection could not be enforced for a lack of other funds or property, and appellant was thereby deprived of the necessary means of his support, comfort and health, a different question would be presented. We therefore conclude that the court did not err in its ruling on the specification under consideration. To hold otherwise, under the facts of this case, would be to give mere form precedence over substance.

Appellant has discussed in his brief certain questions relating to the failure of appellee to exercise proper discretion and care, with reference to the continuance and management of his retail meat market, during the time it was acting as his guardian. Issues in that regard might have been tendered by appellee in its final report, or by appellant in his excep-

tions thereto, but each failed to do so. Hence, no such issue was adjudicated by the judgment in this cause in the court below, and no question with reference thereto can be determined on this appeal. *Wainwright* v. *Smith* (1886), 106 Ind. 239, 6 N. E. 333; *State, ex rel.* v. *Peckham* (1894), 136 Ind. 198, 36 N. E. 28; *Taylor* v. *Calvert* (1894), 138 Ind. 67, 37 N. E. 531; *Campbell* v. *Smith* (1912), 49 Ind. App. 639, 97 N. E. 954. We find no reversible error in the record. Judgment affirmed.