Luberta JONES, Individually and as next friend of Gregory Jones; and Gregory Jones, a minor, Plaintiffs,

v.

HOWE MILITARY SCHOOL; Eugene D. Scott; and James E. Malerich, Defendants.

Civ. No. F 84–122.

United States District Court, N.D. Indiana, Fort Wayne Division.

Aug. 10, 1984.

John R. Marsh, Detroit, Mich., for plaintiffs.

Richard A. Bone, Detroit, Mich., Alan VerPlanck, Barrett, Barrett & McNagny, Fort Wayne, Ind., Herbert E. Boase, LaGrange, Ind., for defendants.

### ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on a "Motion for Summary Judgment" filed May 11, 1984 by defendants Howe Military School, Eugene D. Scott and James E. Malerich. Plaintiffs have failed to respond to that motion. For the reasons set forth below, defendants' motion for summary judgment will be granted.

### Factual Background and Procedural Posture

Plaintiff, Luberta Jones, is the mother and next friend of Gregory Jones, formerly a cadet at Howe Military School. The defendants include Howe Military School, its Superintendent, Eugene D. Scott, and the Principal of the lower school at Howe, James E. Malerich. The action was originally filed in the United States District Court for the Eastern District of Michigan, but was transferred to this court on April 12, 1984.

As originally filed, the complaint consisted of three counts. Counts II and III, which allege that plaintiff was denied due process of law as guaranteed by the Fourteenth Amendment, were dismissed by order of this court on May 11, 1984. There remains for consideration, Count I which asserts diversity jurisdiction and alleges a breach of contract by defendants. The pending "Motion for Summary Judgment" addresses that remaining claim.

The undisputed facts underlying plaintiff's complaint are as follows. On August 9, 1982, Mrs. Jones signed a "conditional agreement." In accepting that agreement, Greg Jones was conditionally admitted into the 7th grade at Howe Military School. One of the conditions for enrollment was that the prospective cadet would abide by the "Rules and Regulations Handbook" then in effect at Howe Military School.

While enrolled at the Howe Military School, Cadet Jones compiled a less than exemplary record. In fact, the record indicates that Cadet Jones had been in numerous altercations with other cadets at Howe Military School. He continuously received demerits for pushing, punching, teasing, and shoving other cadets as well as demerits for other forms of bad conduct.

At the end of each six weeks, cadets at Howe Military School receive a "conduct grade" which is based upon the cumulative scores of demerits received within that period. A cadet receiving more than 121 demerits during a given six week period received a "F" conduct grade. For the first six weeks of plaintiff's enrollment, his conduct grade was 85 which translated into the letter grade "C." For the second six weeks of enrollment, however, Cadet Jones had accumulated a total of 270 demerits for a conduct grade of "F." By December 9, 1982, which was four weeks into the third period, Cadet Jones had accumulated an additional 515 demerits for a grand total of 870 demerits over a sixteen week period. According to an affidavit filed by William C. Trout, Commandant of Cadets at Howe Military School, Cadet Jones' conduct record was the worst of any cadet under

his command within the past thirteen years.

Because of his poor conduct record, Cadet Jones was counseled on at least two occasions by General Eugene D. Scott, Superintendent of Howe Military School. During those sessions, Cadet Jones was lectured on the consequences of continued misbehavior. Further, plaintiff's mother was informed in writing by the Commandant of Cadets about her son's unsatisfactory conduct scores at the end of the first and the second six week grading periods. In addition, a grade card which shows the conduct grade was sent by the Headmaster to plaintiff's mother at the end of those grading periods. Plaintiff met informally with the Commandant of Cadets on at least two occasions in the fall of 1982.

Despite the warnings, Cadet Jones continued upon his chosen course of misbehavior. Cadet Jones was suspended for the last week of the first semester after brutally beating another cadet. That cadet, as a result of the beating, suffered a ruptured eardrum. Because of that altercation and Cadet Jones' repeated poor conduct, it was decided that he would be denied enrollment into the second semester.

Based upon the foregoing factual scenario, plaintiffs filed suit asserting in Count I (the sole remaining claim) that defendants' activities constituted a breach of the contract between the parties because plaintiff was not allowed to complete his 7th grade education at Howe Military School. Defendants in moving for summary judgment assert that they were wholly justified under the terms of the agreement between the parties in refusing to allow Cadet Jones to enroll for the second semester. This court is in agreement with the defendants.

### Application of Law

As indicated, plaintiffs have failed to file a brief in opposition to defendants' motion for summary judgment. Under Local Rule 7(b) of the Rules of the United States District Court for the Northern District of Indiana, this court could summarily grant defendants' "Motion for Summary Judgment" because of plaintiffs' failure to file a responsive brief. The court, however, will address the merits of plaintiffs' claim vis-a-vis defendants' "Motion for Summary Judgment."

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may only be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, summary judgment serves as a vehicle with which the court "can determine whether further exploration of the facts is necessary." *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975).

■ In making this determination, the court must keep in mind that the entry of summary judgment terminates the litigation, or an aspect thereof, and must draw all inferences from the established or asserted facts in favor of the non-moving party. *Peoples Outfitting Co. v. General Electric Credit Corp.,* 549 F.2d 42 (7th Cir.1977). Further, "in order to avoid the grant of summary judgment, a party must demonstrate both the existence of a material fact and a genuine issue as to that material fact," *Kennett-Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir.1980), and thus may not rest on the mere allegations contained in the pleadings or bare contentions that an issue of fact exists. *Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir. 1983). *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *generally,* C. Wright, *Law of Federal Courts* § 99 (4th ed.1983).

Taking the foregoing principles together, it can be said that the proper scope of inquiry under Rule 56 requires the answering of two essential questions: "First, is there any genuine issue as to any material fact? Second, if there is no genuine issue of fact, then viewing the evidence and the inferences which may be drawn therefrom in the light most favorable to the adverse

party, is the movant entitled to prevail as a matter of law?" *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir.1975).

Utilizing the above considerations, this court is of the view that the undisputed material facts entitle defendants to judgment as a matter of law. The rationale for that conclusion is as follows.

■ "There is no question that the relationship between the parties here is a contractual one; that terms of that relationship may be implied from the nature of the relationship; and, that those implied terms may govern the procedure by which a student may be disciplined and the sanctions imposed." *Wisch v. Sanford School, Inc.*, 420 F.Supp. 1310, 1315 (D.Del.1976) (citations omitted). Because contracts for education have unique qualities, they "are to be construed in a manner which leaves the school sufficient discretion to 'properly exercise its educational responsibilities.'" *Jansen v. Emory University*, 440 F.Supp. 1060, 1062 (N.D.Ga.1977), *quoting Mahavongsanan v. Hall*, 529 F.2d 448 (5th Cir. 1976). "Implicit in the student's contract with the [school] upon matriculation is the student's agreement to comply with the [school's] rules and regulations, which the [school] clearly is entitled to modify so as to properly exercise its educational responsibilities." *Mahavongsanan, supra*, at 450; *see generally* 68 Am.Jur.2d § 315.

Thus, "in order to state an actionable claim in these circumstances, the plaintiff must adduce evidence of a violated contractual right or improper motivation or irrational action on the part of [Howe Military School]." *Giles v. Howard University*, 428 F.Supp. 603, 605 (D.D.C.1977).

In the present matter, plaintiffs have failed to adduce any evidence of a violated contract right. They have also failed to present any facts to show improper motivation or irrational action on the part of Howe Military School or any of its officials.

■ On the contrary, all of the evidence introduced suggests that the defendants acted within their proper discretion in deciding to refuse to allow Cadet Jones to enter the second semester. His initial acceptance at Howe Military School was conditional. That plaintiff's mother understood the conditional nature of the acceptance cannot be disputed for on August 9, 1982 she signed a statement which read as follows:

> It is understood that Howe Military School is accepting Gregory Charles DeRoy Jones as a 7th grade cadet conditionally. His continuance will be based upon his maintaining acceptable standards of conduct and grades.
>
> It is understood that he may be dismissed if his conduct grades are "F" for 12 weeks, or if he commits an act that warrants expulsion under the Rules and Regulations Handbook.
>
> It is understood that if he is dismissed, there will be a forfeiture of all payments.
>
> /s/ Luberta Jones   Aug. 9, 1982
> Parent Signature         Date

(Exhibit B attached to Answer of defendants filed April 25, 1984). It is further undisputed that on several occasions Cadet Jones was counseled about his poor performance and overall bad conduct. His mother was also aware of his continued troubles at Howe Military School and, she too, knew that continued misbehavior could result in Cadet Jones' dismissal. Despite all of the warnings and counseling, Cadet Jones participated in an altercation with another student which resulted in that student's ear drum being ruptured.

Given the repeated course of performance by Cadet Jones it appears clear to the court that the school's refusal to allow him to continue into the second semester was not violative of the agreement of the parties nor was it an action which was improperly motivated or irrational. Accordingly, defendants' "Motion for Summary Judgment" must be granted.

### Conclusion

On the basis of the foregoing, defendants' "Motion for Summary Judgment" filed May 11, 1984 must be and hereby is GRANTED.