In the Matter of Ronald Lynn
WEAVER and Rebecca Lynn
Weaver, Debtors.

Mark A. WARSCO, Appellant/Trustee,

v.

Ronald Lynn WEAVER and Rebecca
Lynn Weaver, Appellees.

Bankruptcy No. 86–10012.
Civ. No. F 87–328.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Feb. 17, 1988.

Timothy J. Junk, Holleran & Trexler, Fort Wayne, Ind., for plaintiff, Trustee.

Lawrence A. Levy, Fort Wayne, Ind., for defendants, debtors.

## ORDER

WILLIAM C. LEE, District Judge.

The trustee appeals the bankruptcy court's November 3, 1987 order holding that the proceeds of a workmen's compensation settlement received one month prior to bankruptcy are exempt under Indiana Code § 22-3-2-17 (1929). The trustee filed his brief in this court on December 14, 1987. The appellees have filed no brief. On February 8, 1988, a hearing was held and the court heard oral argument from the appellant. The appellees did not attend the oral argument. For the following reasons, the decision of the bankruptcy court will be reversed and the debtors' amended schedule of exemptions, listing and claiming the $5,500 in cash proceeds from the workmen's compensation settlement, will be disallowed.

### I.

### *Standards of Review*

When a party in a bankruptcy appeal alleges factual errors, the Rules of Bankruptcy Procedure provide the applicable standard of review. Rule 8013 reads:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

This high standard of review has been followed by district courts. *See, e.g., In re Clarkson*, 767 F.2d 417, 419 (8th Cir.1985); *In re Tesmetges*, 47 B.R. 385, 388 (E.D.N.Y.1984). The "clearly erroneous" language of the rule tracks the language found in Federal Rule of Civil Procedure 52(a), and cases construing the standard under Rule 52(a) are equally applicable to bankruptcy cases. *Matter of Louisiana Industrial Coatings, Inc.*, 53 B.R. 464, 467 (E.D.La.1985). The Supreme Court recently reaffirmed its longstanding definition of this standard: " '[A] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).

Unlike the "clearly erroneous" standard used to review factual findings of the bankruptcy court, legal conclusions are subject to de novo review. *In re Global Western Development Corp.*, 759 F.2d 724, 726 (9th Cir.1985). In addition, "the reviewing court must determine whether the trial court applied the proper legal standard to the facts." *In re Stratton*, 23 B.R. 284, 287 (D.S.D.1982). The trustee points out that the facts are not in dispute and that this appeal presents a purely legal question.

### II.

### *Factual Background*

The stipulated facts, as recited by the bankruptcy court's order, are as follows. Around December 15, 1985, the debtors cashed a workmen's compensation settlement check. On January 6, 1986, the debtors filed Chapter 7 bankruptcy. From the workmen's compensation settlement and wages earned prior to the filing, the debtors made several preferential and post-petition transfers. The debtors cannot distinguish which payments were made from wages and which were made from the workmen's compensation settlement. The debtors agreed, upon investigation by the trustee, to reimburse the estate for payments in cash which were neither disclosed in the schedules nor surrendered to the estate. The debtors then filed an amended schedule of exemptions, claiming that the cash proceeds from the workmen's compensation settlement were exempt under Indiana Code § 22-3-2-17 (1929).

Besides the facts stipulated to in the bankruptcy court, which are set forth above, the trustee relates the following facts. When the debtors received the workmen's compensation proceeds ($5,500), they commingled the proceeds with other wages before making the preferences and post-petition transfers. The debtors made no attempt to segregate or distinguish the cash proceeds from the post-petition wages. The debtors claim an exemption in the full amount of $5,500 in spite of the fact that significant post-petition transfers were made.

### III.

### *Analysis*

The court begins its analysis by noting that the appellees have filed no brief and did not attend the oral argument. It is difficult for this court to evaluate the merits of any matter without the benefit of briefing from one side. To some extent, the court is forced to become a board of legal research and inquiry, rather than an impartial decision maker. In non-bankruptcy matters, where dispositive motions have been filed and not responded to, this court does not hesitate to grant summary ruling. *See, e.g., Raney v. City of Fort Wayne,* F 87–106, slip op. (N.D.Ind. Aug. 21, 1987). Appellate courts consider unbriefed issues waived or abandoned. *See Carducci v. Regan,* 714 F.2d 171, 177 (D.C.Cir.1983). *See also* Fed.R.App.P. 28(a)(4) (appellant's brief must contain contentions, reasons for contentions, and citations to authority). The reason for this established rule of appellate procedure has its origin in the adversarial system; appellate courts do not sit as self-directed boards of legal inquiry and research, but rather, as arbiters of legal questions presented and argued by the parties. *Carducci,* 714 F.2d at 177. Failure to enforce this rule deprives the court of the assistance of counsel. *Id.* For these reasons, unbriefed issues are not decided on appeal. *White v. Office of Personnel Management,* 787 F.2d 660, 666 (D.C.Cir.1986). While the appellant is entitled to summary ruling, this court has undertaken a review of the merits of this appeal and will go on to address the merits of the appellant's arguments. *See, e.g., Jones v. Howe Military School,* 604 F.Supp. 122, 124 (N.D.Ind.1984).

The trustee's first argument is that the exemption, which he concedes is afforded workmen's compensation payments, does not apply to cash in the hands of a debtor. Under Indiana law, money in the hands of a debtor stands on the same footing as any other money held by the debtor, even if the money is derived from exempt payments. *See Sohl v. Wainwright Trust Co.,* 76 Ind.App. 198, 130 N.E. 282 (1921); *Faurote v. Carr,* 108 Ind. 123, 9 N.E. 350 (1886). Under this case law, the legislature can only grant exemptions in proceeds by explicitly stating that the proceeds are exempt. Exemptions afforded to aged, blind and disabled persons, for example, provide that "none of the money paid or payable under the provisions of this chapter shall be subject to execution, levy, attachment,...." *See* I.C. § 12–1–5–12 (1981); I.C. § 12–1–6–12 (1981); I.C. § 12–1–7.1–14 (1981). The life insurance statute is just as explicit. *See* I.C. § 27–1–12–14 (1985). Money paid by a fraternal benefits society is exempted "either before or after payment by the society." I.C. 27–11–6–3 (1985). Where the legislature of Indiana has given exemptions it has chosen statutory language which is clear and unequivocal.

The workmen's compensation statute at issue in this case, I.C. § 22–3–2–17 (1929), uses the term compensation as a term of art. The statute provides: "No claims for compensation under this act shall be assignable, and all compensation and claims therefor shall be exempt from all claims of creditors." I.C. § 22–3–2–17 (1929). An obligation to compensate is discharged upon payment. For example, a lump sum payment to the trustee for an employee discharges the employer's obligation to compensate. *See* I.C. § 22–3–3–26. The debtors' "compensation and claims therefor," were settled in this case in a lump sum payment received by the debtors some time around December 15, 1985, and this lump sum payment discharged, *see* I.C. § 22–3–3–26, any further obligation to com-

pensate. The Indiana Workmen's Compensation Act uses the term "compensation" not to refer to compensation as money in the hands of the employee, but rather, as the employer's duty to pay out money under certain circumstances. An employer is not obligated under the Act to pay compensation during any time which the employee refuses work for which he is suited. I.C. § 22–3–3–9. Subsequent injuries render the employer liable only for "compensation payable" for that injury. I.C. § 22–3–3–13. If an employee dies, the employer is obligated to pay compensation to the surviving dependents. I.C. § 22–3–3–16. The Act never seems to use the term "compensation" to refer to proceeds in the employee's hands.

As noted above, Indiana case law explicitly holds that a debtor's money is *simply money* regardless of whether it is derived from exempt payments. Unlike other Indiana statutes, the Indiana Workmen's Compensation Act does not seem to give an exemption for workmen's compensation proceeds once they are in the hands of the employee. Although exemptions are to be liberally construed, a bankruptcy court is not at liberty to ignore well settled law to the contrary. *See, e.g., In re Jones,* 768 F.2d 923, 930 (7th Cir.1985). In the original bankruptcy petition in this case, the debtors' statement of affairs discloses the $5,500 workmen's compensation settlement in December of 1985; yet the schedule of assets and exemptions lists in claims only $25 as exempt. There was no reference or reliance upon the workmen's compensation exemption at issue. It was not until the trustee had investigated the disposition of the settlement and had discovered several preferences in post-petition transfers that the debtors amended their bankruptcy petition, claiming all of the $5,500 settlement as exempt. Instead of relying on the workmen's compensation exemption at the time of the filing of the bankruptcy, the debtors omitted an accurate accounting of their cash and bank deposits. It would seem, therefore, that any hardship imposed upon the debtors by this decision is justified by their own failure to provide a full and accurate accounting. In conclusion, it would seem that the money held by the debtors in this case stood on the same footing as any other money held by the debtors and was not exempted under the Workmen's Compensation Act.

But the debtors' problem in this case goes even further. Even where an exemption is provided, proceeds are only exemptable where they are segregated or otherwise traceable. *See, e.g., Whitlock v. Public Service Company of Indiana, Inc.,* 239 Ind. 680, 159 N.E.2d 280 (1959). This principle applies to a security interest in proceeds of collateral, because a perfected security interest in proceeds extends to "identifiable" cash and non-cash proceeds. *See* I.C. § 26–1–9–306(4). In contrast, however, where proceeds are commingled with other moneys, they lose the nature of proceeds. *Anuszkiewicz v. Anuszkiewicz,* 172 Ind.App. 279, 360 N.E.2d 230 (1977).

In this case, as pointed out earlier, the workmen's compensation proceeds were commingled with the debtors' pre-petition wages such that the debtors could not distinguish the source of the money used to make preferences in post-petition payments. In their amended bankruptcy schedule, the debtors attempted to exempt the full $5,500 settlement even though significant preferences and post-petition payments were made from that money. Even the amended schedules did not attempt to distinguish the pre-petition wages from the workmen's compensation settlement. As noted earlier, an exemption in proceeds is only preserved to the extent that the proceeds are segregated or identifiable. The debtors made no attempt to segregate, trace or otherwise identify the $5,500. Thus, even if the workmen's compensation statute allowed an exemption in the proceeds, the debtors have not preserved their right to take the exemption.

A debtor's allowable exemptions are determined by the type of property held as of the date of the bankruptcy. *In re Sivley,* 5 C.B.C.2d 565, 14 B.R. 905 (E.D.Tenn. 1981). It is true that prior to the date of bankruptcy debtors are allowed to exchange property in order to take advantage of exemptions available. In voluntary bankruptcies

the debtor has full control over the date the petition is filed and there can be no injustice in limiting exemptions to the type of property the debtor has on the date the debtor files bankruptcy. As of the date of the bankruptcy the debtors in this case held cash or bank deposits subject to a $100 exemption per debtor. *See* I.C. § 34-2-28-1. The bankruptcy court's decision allowed the debtors an exemption in all cash and bank accounts one month after the receipt of the $5,500. The debtors did not segregate the proceeds or distinguish those proceeds from their pre-petition wages. If a debtor could simply point to any and all cash and deposits and call them exempt, then the $100 exemption of I.C. § 34-2-28-1 would be rendered meaningless.

## IV.

### Conclusion

For the foregoing reasons, the decision of the bankruptcy court is REVERSED and the debtors' amended exemption for the $5,500 in workmen's compensation payments is DISALLOWED.